# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
### WESTERN DIVISION

Keith E. Iverson               )
Shirlee Iverson                )
*Pro se* Plaintiffs,           )
           v.                  )
Prentice Hall Inc., Prentice Hall-Canada, Arco   )
Publishing, Eric Rodwell, Audrey Grant,       )
Jonathon Newcomb, Poling Chu, Chuck Wall,    )
  Hart Hillman, American Contract Bridge League,   )
Roy Green, Denis Howard, William Gross, Julie    )
Greenberg, Best Book Mfrs., Ltd, Imprimeri     )
Gagne, Baron Barclay, WITF TV, Gene N.      )
Lebrun, Lynn, Jackson, Shultz & Lebrun, P.C.,    )
Richard H. Battey, Pasco M.Bowman, C Arlen    )
Beam, James B. Loken, Clarence Thomas, Randall   )
R. Rader, S Jay Plager, Ruth Bader Ginsburg,     )
Janine M. Kern, Ralph Mecham, Joseph A.Haas,   )
  Jeanna Fairhead, Kathleen Jeffries, Karen       )
Schireirer, Peggy Little, Jeffery N Barr, Roger     )
Wheeler, James Graf, Tim Johnson, Larry Pressler, )
Spencer Abraham, Joseph Biden, Mike De Wine,   )
Russel Feingold, Orrin Hatch, Edward  Kennedy,   )
Jon Kyl, Patrick Leahy, Arlen Specter, Fred       )
Thomson, Strom Thurmond, Dianne Feinstein,    )
Charles Grassley, Herb Kohl, Hank Brown,      )
Howell Heflin,  Alan k.Simpson, Paul Simon,     )
Bob Barr, Howard L Berman, Rick Boucher,     )
Ed Bryant, Steve Buyer, Charles T. Canady,     )
Steve Chabot, Howard Coble, John Jr. Conyers,   )
Barny Frank, George W. Gekas, Robert W.      )
Goodlatte, Henry J. Hyde, Bob Inglis, Sheila     )
Jackson Lee, Zoe Lofgren, Bill Mc Collum, Jerrold )
Nadler, Steven H. Schiff, Charles E.Schumer,     )
Robert C. Scott, F. James Jr. Sensenbrenner,     )
Lamar S. Smith, Melvin Watt, Sonny Bono, Elton   )
Gallegly, Xavier Becerra, John Bryant, Michael    )
Flanagan, Martin Hoke, Carlos J. Moorehead,    )
Jack Reed, Patricia Schroeder, Fredrick Heineman, )
Jose' E. Serrano, Lawrence L. Piersol, Charles B.   )
Kommann, Andrew W. Bogue, and John B. Jones   )
              Defendants

FILED

JUN 18 1997

Civil Action No. 97-5052

COMPLAINT

FEDERAL CASE

**1**

(1)

Plaintiffs submit that Defendants Prentice Hall Inc., Prentice Hall-Canada, Arco Publishing, Eric

Rodwell, Audrey Grant, Jonathon Newcomb, Poling Chu, Chuck Wall, Hart Hillman, ACBL, Roy

Green, Denis Howard, William Gross, Julie Greenberg, Best Book Mfrs., Ltd, Imprimeri Gagne,

Baron Barclay and WITF TV are admitted to violation of and conspiracy to violate Title:Statute

15:02, :18, :1125, :01, :08, :03; Title 17:Various, Title 18:2314, :2315, :1341, :1343, :1952,

:1957, :1956, :1503, :1512; Title 35: Various, together with Title:Statutes 42:1983 and :1985 in

both of Plaintiffs' pending Civil actions SD95-5024 and SD96-5014.

(2)

Plaintiffs further submit that cited Defendants' council, Defendants Gene N. Lebrun and Lynn,

Jackson, Shultz & Lebrun, P.C., are themselves admitted by said clients as having conspired with

them to obstruct justice in both of Plaintiffs' above cited civil actions SD95-5024 and SD96-5014.

(3)

Plaintiffs further submit that Defendant Richard H. Battey is Chief Judge for the Federal District

of South Dakota and while presiding as judge in  a federal district court within the Western

Division did conspire with the Defendants cited in paragraph (1) above, and others, with the intent

and purpose of denying Plaintiffs due process of law, the protection of the law and access to the

federal courts in matters related to Plaintiffs' two civil actions presently pending in this same

district court. Plaintiffs further aver that Defendant has violated other rights, privileges and

immunities assured to Plaintiffs by the United States Constitution which include, but are not

limited to, those assured to Plaintiffs pursuant to the Fifth, Sixth and Fourteenth Amendments of

said Constitution.

(4)

Plaintiffs further submit that Defendants Pasco M. Bowman, C Arlen Beam, James B. Loken and

Clarence Thomas (also of the United States Supreme Court), are judges and justice on the bench

of the United States Court of Appeals for the Eighth Circuit, St. Louis, Missouri. That said judges

and justice did conspire with other Defendants to deny Plaintiffs their right to due process of law,

the protection of the law and access to the federal courts. Plaintiffs further aver that Defendants

have violated other rights, privileges and immunities assured to Plaintiffs by the United States

Constitution which include, but are not limited to, those assured to Plaintiffs pursuant to the Fifth,

Sixth and Fourteenth Amendments of said Constitution.

(5)

Plaintiffs further submit that Defendants Randall R. Rader and S Jay Plager are judges on the

bench of the United States Court of Appeals for the Federal Circuit (herein after referenced as the

Federal Circuit Appellate), Washington, DC and that said judges did conspire with other

Defendants to deny Plaintiffs due process of law, the protection of the law and access to the

federal courts. Plaintiffs further aver that Defendants have violated other rights, privileges and

immunities assured to Plaintiffs by the United States Constitution which include, but are not

limited to, those assured to Plaintiffs pursuant to the Fifth, Sixth and Fourteenth Amendments of

said Constitution.

(6)

Plaintiffs further submit that Defendants Ruth Bader Ginsburg and Clarence Thomas are justices

on the bench of the United States Supreme Court, Washington DC and that they did themselves

conspire with other Defendants to deny Plaintiffs due process of law, the protection of the law

and access to the federal courts. Plaintiffs further aver that Defendants have violated other rights,

3

privileges and immunities assured to Plaintiffs by the United States Constitution which include, but are not limited to, those assured to Plaintiffs pursuant to the Fifth, Sixth and Fourteenth Amendments of said Constitution.

(7)

Plaintiffs further submit that Defendant Janine M. Kern is a state circuit court judge on the bench of the Seventh Judicial Circuit of the State of South Dakota and that she did conspire with other Defendants to deny Plaintiffs due process of law, the protection of the law and access to the courts. Plaintiffs further aver that Defendant has violated other rights, privileges and immunities assured to Plaintiffs by the United States Constitution which include, but are not limited to, those assured to Plaintiffs pursuant to the Fifth, Sixth and Fourteenth Amendments of said Constitution.

(8)

Plaintiffs further submit that Defendant Ralph Mecham is Director of the Administrative Office of US Courts, that Joseph A. Haas is United States Clerk of Court for the Federal District of South Dakota and that Defendants Jeanna Fairhead and Kathleen Jeffries are Deputy Clerks of Court for the Federal District of South Dakota, Western Division. Defendants have themselves conspired with other Defendants to deny Plaintiffs due process of law, protection of the law and access to the federal courts. Plaintiffs further aver that Defendants have violated other rights, privileges and immunities assured to Plaintiffs by the United States Constitution which include, but are not limited to, those assured to Plaintiffs pursuant to the Fifth, Sixth and Fourteenth Amendments of said Constitution.

(9)

Plaintiffs further submit that Defendants Karen Schireirer and Peggy Little are United States Attorney and Assistant United States Attorney for the Federal District of South Dakota and have

4

themselves conspired with other Defendants to deny Plaintiffs due process of law, protection of

the law and access to the federal courts. Plaintiffs further aver that Defendants have violated other

rights, privileges and immunities assured to Plaintiffs by the United States Constitution which

include, but are not limited to, those assured to Plaintiffs pursuant to the Fifth, Sixth and

Fourteenth Amendments of said Constitution.

(10)

Plaintiffs further submit that Defendant Jeffery N Barr is General Council for the Administrative

Office of the US Courts, Washington DC and that Defendants Roger Wheeler and James Graf are

agents for the Federal Bureau of Investigation working out of the Bureau's offices in

Minneapolis, Minnesota and Rapid City, South Dakota, respectively. Defendants have themselves

most probably conspired with other Defendants to deny Plaintiffs due process of law, protection

of the law and access to the federal courts. Plaintiffs further submit that cited Defendants were at

all times relevant to this action, knowledgeable of the wrongs conspired to be done to Plaintiffs by

conspiring Defendants, and that such wrongs are mentioned in section 1985 of Title 42,  further

that such wrongs were actually being committed at the time of Plaintiffs' appeal to them to aid in

their prevention and while having had both the power and obligation to aid in  preventing the

continuance of these wrongs did both neglect and refuse to do so. Plaintiffs aver that said

Defendants are therefore necessarily liable to them, as the parties injured for all damages caused

by Defendants' wrongful acts, which they, by reasonable diligence, could  have prevented.

(11)

Plaintiffs further submit that Defendants Tim Johnson and Larry Pressler (formerly of the United

States House of Representatives and the United States Senate respectively) were at all times

relevant to this action, knowledgeable of the wrongs conspired to be done to Plaintiffs by

5

conspiring Defendants, and that such wrongs are mentioned in section 1985 of Title 42,  further

that such wrongs were actually being committed at the time of Plaintiffs' appeal to them to aid in

their prevention and while having had both the power and obligation to aid in  preventing the

continuance of these wrongs did both neglect and refuse to do so. Plaintiffs aver that said

Defendants are therefore necessarily liable to them, the parties injured, for all damages caused by

Defendants' wrongful acts, which they, by reasonable diligence, could have prevented.

(12)

Plaintiffs further submit that Defendants Spencer Abraham, Joseph Biden, Mike De Wine, Russel

Feingold, Orrin Hatch, Edward  Kennedy, Jon Kyl, Patrick Leahy, Arlen Specter, Fred Thomson,

Strom Thurmond, Dianne Feinstein, Charles Grassley, Herb Kohl, Hank Brown, Howell Heflin,

Alan K. Simpson, Paul Simon, Bob Barr, Howard L. Berman, Rick Boucher, Ed Bryant, Steve

Buyer, Charles T. Canady, Steve Chabot, Howard Coble, John Conyers Jr., Barny Frank, George

W. Gekas, Robert W. Goodlatte, Henry J. Hyde, Bob Inglis, Sheila Jackson Lee, Zoe Lofgren,

Bill Mc Collum, Jerrold Nadler, Steven H. Schiff, Charles E. Schumer, Robert C. Scott, F. James

Sensenbrenner Jr., Lamar S. Smith, Melvin Watt, Sonny Bono, Elton Gallegly, Xavier Becerra,

John Bryant, Michael Flanagan, Martin Hoke, Carlos J. Moorehead, Jack Reed, Patricia

Schroeder, Fredrick Heineman and Jose E. Serrano are past or present Senators or Congressmen

who are also past or present members of one of the Judicial Committees of the United States

Congress. Plaintiffs aver that said Defendants have both authorized and knowingly condoned a

Constitutionally inadequate procedure within the federal judiciary which operates to deprive a

litigant of his private property in violation of the Fifth and Fourteenth Amendments of the

Constitution. Plaintiffs further submit that cited Defendants were at all times relevant to this

action, knowledgeable of the wrongs conspired to be done to Plaintiffs by conspiring Defendants,

and that such wrongs are mentioned in section 1985 of Title 42, further that such wrongs were actually being committed at the time of Plaintiffs' appeal to them to aid in their prevention and while having had both the power and obligation to aid in preventing the continuance of these wrongs did both neglect and refuse to do so. Plaintiffs aver that said Defendants are therefore necessarily liable to them, the parties injured, for all damages caused by Defendants' wrongful acts, which they, by reasonable diligence, could have prevented.

(13)

Plaintiffs further submit that Defendants Lawrence L. Piersol, Charles B. Kommann, Andrew W. Bogue and John B. Jones are United States federal district court judges, and together with Defendant Richard Battey, constitute the entire federal bench for the Federal District of South Dakota. Plaintiffs also submit that said Defendants were at all times relevant to this action, knowledgeable of the wrongs conspired to be done to Plaintiffs by conspiring Defendants, and that such wrongs are mentioned in section 1985 of Title 42, further that such wrongs were actually being committed at the time of Plaintiffs' appeal to them to aid in their prevention and while having had both the power and obligation to aid in preventing the continuance of these wrongs did both neglect and refuse to do so. Plaintiffs aver that said Defendants are therefore necessarily liable to them, the parties injured, for all damages caused by Defendants' wrongful acts, which they, by reasonable diligence, could have prevented.

(14)

This is an action for money damages, as provided by and pursuant to Title 42 of the Federal Code at statutes 1983, 1985 and 1986, against all Defendant parties cited herein who have knowingly and unlawfully combined and conspired together under color of various state statutes to subject Plaintiffs, citizens of the United States, to the deprivation of rights, privileges and immunities

7

secured to Plaintiffs by the United States Constitution and the federal laws applicable to its enforcement.

(15)

Cited Defendants have conspired together to deter Plaintiffs by intimidation and threat from attending the federal courts and from testifying to matters pending therein freely, fully, and truthfully, and have further conspired together for the purpose of impeding, hindering, obstructing, and defeating, in various manners, the due course of justice with intent to deny to Plaintiffs the equal protection of the laws, due process (actionable under federal law pursuant to Title 42:1985 where life, liberty or property interests are involved) and to injure Plaintiffs in their persons and property for lawfully enforcing and attempting to enforce their right to the equal protection of the laws and due process.

(16)

Further, all parties herein cited have been knowledgeable of the deprivation to Plaintiffs of those rights, privileges and immunities secured to them by the United States Constitution, have been further knowledgeable of the intimidation and threats to which Plaintiffs have been subjected in Defendants' efforts to keep Plaintiffs from attending the federal courts and have been further knowledgeable regarding the various manners by which Defendant conspirators have purposefully sought to impede, hinder, obstruct, and defeat the due course of justice in the federal courts with the intent of denying to Plaintiffs due process and the equal protection of the laws, and while having been knowledgeable of these wrongs and having had both the power and obligation to prevent and/or aid in  preventing these wrongs, have both neglected and refused to do so.

8

(17)

Plaintiffs therefore submit that pursuant to Title 42:1983-1986 of the Federal Code, all Defendant

parties cited herein are liable to Plaintiffs, the parties injured, for all damages occasioned by such

injuries and deprivations as they have caused or permitted to occur.

(18)

Plaintiffs aver that most probably the existence and purposes of the admitted conspiracy were

both known and condoned by influential elements at the very highest levels from within the three

branches of the Federal Government. Plaintiffs aver that these influential elements most probably

assured Defendants cited in paragraph (1) above, together with their council, that were any

criminal act to be performed by them in furtherance of their conspiracy to injure Plaintiffs in their

persons or property such act or acts would remain unchallenged by the Justice Department as

"Plaintiffs' action(s) would not be considered by the Office of the United States Attorney on

criminal grounds - regardless of their merits". Plaintiffs aver that the Executive Branch of the

Federal Government, through the Justice Department, with most probably the foreknowledge of

President Bill Clinton (given the certain foreknowledge of his Chief of Staff, Leon Panetta) did so

assure said Defendants.

(19)

Plaintiffs aver that most probably Defendants' plan and purpose was that should Plaintiffs persist

in pursuing their civil action against Defendants (subsequent to being unlawfully deprived of their

legal council) the Legislative Branch of the federal government would (through its Judicial

Committees) suspend all oversight and disciplinary responsibilities over the federal judiciary

thereby permitting the Federal Judiciary to unlawfully exploit the presumed ignorance of *Pro se*

9

Plaintiffs regarding their Fifth, Sixth and Fourteenth Amendment rights to the end of depriving Plaintiffs of their copyright and patent properties and their further right to the judgments and damages arising from the admissions of Defendants cited in paragraph (1) above to the violations also cited in paragraph (1) above.

(20)

Plaintiffs aver that the Federal Judiciary has proceeded at all times illegally - in all matters relevant to their two actions. The federal judiciary has refused *to notice any* of Plaintiffs' pleadings to *any* of the federal courts (the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court and the Supreme Court of the United States itself). The federal judiciary has further ignored the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Federal Rules of Appellate Procedure, United States Federal law, the Constitution of the United States and their very Oaths of Office - all in furtherance of the conspiracy to unlawfully obtain Plaintiffs' copyright and patent properties.

(21)

Plaintiffs submit that the evidence of Defendants' crimes are apparent within the respective pleadings to the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court, the Supreme Court of the United States and South Dakota's Seventh Circuit State Court or are such as will be submitted to the court during the course of this action.

(22)

Plaintiffs aver that upon the establishment of their uncontroverted and incontrovertible right to judgments *as matters of law* in both of their pending actions - SD95-5024 and SD96-5014 - in regard to all the issues before the court, Defendants, herein cited, did collude and conspire together for the purposes of denying Plaintiffs access to the Federal Circuit Appellate Court and

10

the Supreme Court, such being the only appellate courts having jurisdiction to consider Plaintiffs'

actions on appeal. Plaintiffs submit that the evidence on file within the lower court and the

pleadings on file within the Eighth and Federal Circuit Appellate Courts regarding these matters

strongly suggest that the Federal Circuit Appellate could not provide the requisite panel to sustain

the lower court's judgments. Therefore, over Plaintiffs' objections, their action(s) were unlawfully

submitted to the Eighth Circuit Appellate, where such panel had previously been put in place.

(23)

Plaintiffs further aver, and herein establish, that *a policy exists and continues to be knowingly*

*condoned* by all three branches of the federal government whereby a single judge within the

federal judiciary can unlawfully deprive a citizen of the United States of his Constitutionally

guaranteed civil rights, privileges, immunities, due process, the protection of the laws, his

personal property and his very right to appeal *and not be noticed.*

(24)

Plaintiffs further aver that the *policy* referenced in paragraph (23) above, such as does exist and is

condoned by those responsible for its elimination, is intended to serve as a remedy for judges

within the federal judiciary in those instances in which an action before such 'judge' is most

decidedly going against the interests of his *client.*

(25)

The jurisdiction of this Court is invoked under the provisions of Title 28:1331 and 1343 and

Sections 1983,1985 and 1986 of Title 42 of the United States Federal Code pursuant to Plaintiffs'

rights as therein cited together with Plaintiffs' further rights pursuant to and cited under Article 1,

Sec 8, Clauses (3) and (8), of the United States Constitution together with the Fifth, Sixth and

11

Fourteenth Amendment of same said Constitution of the United States together with Titles

15,17,18 and 35 of the Federal Code.

(26)

Venue is proper with this Court pursuant to Title 28:1391 wherein "an action based on conspiracy

to violate Title 42:1985 may be brought in district in which any of the overt acts occurred".

(27)

Plaintiffs, seeking both compensatory and exemplary damages, are entitled to and do demand a

jury trial.

(28)

Plaintiffs submit that they are citizens of the United States, reside at 213 Second Street, town of

Keystone, Pennington County, South Dakota.

(29)

Plaintiffs aver that this action is being filed consistent with any and all applicable statutes of

limitations, particularly that stipulated in Title 42:1986.

(30)

Plaintiffs submit that federal law holds that the "involvement of state official provides state action

essential to show direct violation of litigant's Fourteenth Amendment rights, whether or not said

state officials actions were lawful or not".

(31)

Plaintiffs further submit that federal law holds that "persons seeking to prove violations to their

civil rights under Title 42:1985(2) need not allege that the conspiracy was motivated by any class

based animus".

(32)

12

Plaintiffs further submit that none of the Defendants cited herein can claim Plaintiffs' failure to state a claim upon which relief may be granted wherein the requisite conspiracy has been established by the admissions of Defendants cited in paragraph (1) above, federal law holding that "admissions in a pleadings may consist in the failure to deny in the answer the averments of the petition" and "no evidence or findings are needed to establish a fact conceded by answer". Such admissions incontrovertibly establish the existence of the conspiracy alleged. Further, federal law holds that "conspiracy . . . also means to interfere with or obstruct any one of the government's lawful functions by deceit, craft or trickery or any other means which are dishonest" and "one is guilty participant in conspiracy if he participated in any branch of project, either as principal or as abettor" and further that "only one overt act is necessary to establish defendant's participation in a conspiracy" - and that such is herein established as to each cited Defendant.

(33)

Plaintiffs further submit that none of the Defendants cited herein can claim Plaintiffs' failure to establish that Defendants proceeded under color of a state statute in subjecting Plaintiffs, citizens of the United States, to the deprivation of rights, privileges and immunities secured to them by the Constitution and laws of the United States wherein such requisite state action has been similarly established by the admissions of Defendants cited in paragraph (1) above. Further, federal law holds that "state action substitutes for state law and where state judge seeks to reestablish the validity of void judgments by going beyond the record before the court, committing perjury and other felony violations in support of criminality, all of which serve to deny Plaintiffs due process and the equal protection of the laws, and to further deprive them of rights, privileges and immunities guaranteed by the United States Constitution and the federal laws

applicable to its enforcement together with their property Plaintiffs have a cause of action under T42:1983".

(34)

Plaintiffs further submit that none of the Defendants cited herein can claim immunity from prosecution on grounds that such crimes as they have committed were privileged acts committed within their respective jurisdictions or legislative forums  as neither of Plaintiffs' actions have ever been *in* any court of record, other then district court, such as would establish a Defendant judge or justices jurisdiction over it, nor have they been the subject of speech or debate within any legislative forum. Relevant thereto Plaintiffs submit that federal law holds that:

(a) "The judicially fashioned doctrine of official immunity of judicial, legislative, or executive officers does not reach so far as immunize criminal conduct proscribed by an Act of Congress" and "agreements in advance to oust courts of jurisdiction conferred by law are void".

(b) "Judicial power, under Article III, Sec 2, CL 1, of Constitution extends only to cases *in* courts of records".

(c) "A court lacks discretion to consider the merits of a case over which it is without jurisdiction".

(d) "A judge of a superior court loses his immunity and is liable for damages for injuries inflicted upon a private citizen in the performance of acts done maliciously and entirely without jurisdiction" and "when the judge knows of the absence of jurisdiction he acts in the clear absence of jurisdiction".

(e) "A judge who committed an unprivileged act in violation of a litigant's civil rights was acting under 'color of law' and liability is clearly established under Title 42:1983".

14

(f) "Court judges are not immune in civil rights action under T42:1983 and 1985 where the invalidity of their judgments are further aggravated by the unlawful motive for which such judgments were entered".

(g) "Where the conduct of a judge is calculated to destroy the authority, dignity, and integrity of another court and to obstruct the proceedings and hinder the administration of justice in that other court in a matter of which it has jurisdiction, the rule of judicial immunity may not be invoked in proceedings against the offending judge".

(and of more general applicability)

(h) "Where there is malice, oppression, or if one acts in utter disregard of clearly established constitutional rights so that bad faith is apparent, defendant is accountable for the consequences of his doing".

(i) "Public officials, including judges, are not immune from suit for prevention relief under Title 42 where intimidation, threats and coercion have been used in denial and deprivation of civil rights".

(j) "Liability is established where evidence shows defendant knowingly misled litigant about the propriety of the rules and law which he averred to apply, falsely suggesting that he was authorized to proceed as he did".

(k) Further, "where a Constitutionally inadequate procedure is authorized or condoned, liability arises if it operates to deprive one of life, liberty, or property regardless of whether or not the official intends the deprivation of due process of law".

(35)

Plaintiffs aver that by means of the unlawful acts committed by Defendants in furtherance of the conspiracy admitted to by the Defendants cited in paragraph (1) above, Plaintiffs have been

15

injured in their persons and property wherein they have been deprived of their exclusive rights to their copyright and patent properties without due process of law or the protection of the laws, and have been further deprived of having and exercising rights and privileges which were theirs by virtue of their being citizens of the United States relevant to the defense of such rights and property wherein they have been denied and continue to be denied access to the federal courts by the Defendants cited herein.

(36)

Such rights, privileges and immunities as have been both assured to Plaintiffs by the Federal Constitution and the federal laws and violated and/or denied to Plaintiffs by Defendants include:

(a) Those assured to Plaintiffs by Article 1, Sec 8, Clause 8, of the United States Constitution granting guarantees to authors and inventors in form of control over sale or commercial use of copies of their works, federal law further holding that "interest in copyright and patent are property rights protected by due process clauses of the Fifth and Fourteenth Amendments".

(b) Those assured to Plaintiffs pursuant to Article 1, Sec 8, Clauses 3, of the United States Constitution affecting use of . . . "interstate and foreign commerce which Congress deems to be misused; protection of instrumentality's of interstate commerce; and those activities affecting commerce'.

(c) Those assured to Plaintiffs pursuant to the First Amendment to the United States Constitution which assure Plaintiffs of a right to petition the government for redress of grievances which Plaintiffs aver includes the right to enter evidence in a court of law and have the decision of the court based on such evidence.

16

(d) Those assured to Plaintiffs pursuant to the Fifth Amendment to the United States Constitution which states, in significant part, that "no person shall be . . . deprived of life, liberty or property, without due process of law".

(e) Those assured to Plaintiffs pursuant to the Sixth Amendment to the United States Constitution which states in significant part that "(a litigant) shall enjoy the right to a speedy 'trial', by an impartial (forum), within that jurisdiction which has 'been previously ascertained by law' to be applicable and to have *the assistance of council*. Federal law further holds that "the provisions of the Sixth Amendment to the United States Constitution are applicable through the Fourteenth Amendment".

(f) Those assured to Plaintiffs pursuant to Title 28:1295 of the federal code which assure to Plaintiffs the jurisdiction of the United States Court of Appeals for the Federal Circuit in any appeal  of an action inclusive of patent copyright and trademark claims.

(g) Those assured to Plaintiffs pursuant to the Fourteenth Amendment of the Federal Constitution which states, in significant part, that "no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws".

(h) Those assured to Plaintiffs, pursuant to federal law, which holds that "one has a Constitutionally protected right to procedural due process under Title 42:1983-1986 where he has a liberty or property interest (within the meaning of the Fourteenth Amendment) which has been denied without following the appropriate procedures".

(i) Those assured to Plaintiffs pursuant to Title 28:2071 and 2072 of the federal code under which a citizen is assured that the Supreme Court shall have the power to prescribe

17

general  rules of practice and procedure and rules of evidence for cases in United States

district courts, and that such rules may define when a ruling of a district court is final

for the purposes of appeal.

(j) Those assured to Plaintiffs pursuant to Title 28:296  of the federal code under which a

citizen is assured that a justice or judge shall only possess those powers of a judge or

justice of the court, circuit or district to which he is designated and assigned.

(k) Those several others assured to Plaintiffs pursuant to the Fifth and Fourteenth

Amendment of the Federal Constitution. Plaintiffs assert that they were, and continue to

be, deprived of having and exercising rights which are theirs by virtue of their being

citizens of the United  States, such rights being applicable to their ability to defend such

civil and property rights as are theirs against Defendants' unlawful conspiracy to deprive

them of such property and rights. Such rights include their right to proceed in federal

court pursuant to Titles/Statutes 15:15, 17:101, 18:1961-1962-1964, 28:2201-2202,

35:281, and 42:1983 and 1985 to recover damages pursuant to Defendants' Prentice Hall

Inc., Prentice Hall-Canada, Arco Publishing, Eric Rodwell, Audrey Grant, Jonathon

Newcomb, Poling Chu, Chuck Wall, Hart Hillman, ACBL, Roy Green, Denis Howard,

William Gross, Julie Greenberg, Best Book Mfrs. Ltd, Imprimeri Gagne, Baron Barclay

and WITF TV admissions to violation of and conspiracy to violate Title:Statute15:02, :18,

:1125, :01, :08, :03; Title 17:Various, Title 18:2314, :2315, :1341, :1343, :1952, :1957,

:1956, :1503, :1512; Title 35: Various, together with Title:Statute 42:1983 and :1985 in

both of Plaintiffs' pending Civil actions.

(l) Those assured to Plaintiffs pursuant to Article VI, clause 3 of the US Constitution,

under which a citizen is assured of the protections of a vigilant and responsive federal

executive, legislative and judiciary. Such as have pledged pursuant to Title 5:3331 of the Federal Code to "support . . . the Constitution of the United States . . . and . . . to well and faithfully discharge the duties of their (respective offices)".

(m) Those assured to Plaintiffs pursuant to the oaths established by federal statute and entered into by those Defendants currently holding a state or federal position, oaths which "at law, make binding upon the person entering into them the charge of perjury in the event and upon the occasion of a violation of such oaths". Such oaths include but are not limited to Title 2:21 (senators), Title 2:25 (congressmen), Title 4:101 (Judge of a State Court), Title 28:453 (judges and justices of United States Federal Courts) and Title 28:951 (clerks of court).

> Relative to such oaths (particularly those at Title 4:101 and Title 28:453) the
> Supreme Court has held that "every litigant is *entitled* to have his case heard by a
> judge mindful of this oath".

(n) Those assured to Plaintiffs by Title 28:455(a) such as assure to Plaintiffs that "any justice or judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned, where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding".

(o) Those assured to Plaintiffs pursuant to Title 28:1654 and 28:2071 of the federal code under which a citizen is assured that a judge has the authority to reprimand, suspend, and/or disbar an attorney appearing before him in the event of such attorney's gross malpractice, dishonesty, felonious acts and fraud upon the court - all in connection with matters pending before the court.

(p) Those assured to Plaintiffs pursuant to Title 28:144 of the federal code under which a citizen is assured that whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit, that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

(q) Those assured to Plaintiffs by Title 28:372(c)(1) of the Federal Code such as assure to Plaintiffs that "any person *alleging* that a circuit or district judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts *may* file with the clerk of the court of appeals for the circuit a written complaint of the facts constituting such conduct".

> Plaintiffs submit that the duplicitous and evasive spirit evidenced in the wording of this statute is remedied by federal common law which holds it to be "the duty of any lawyer who possesses knowledge or evidence that another lawyer or a judge has committed an unlawful act to reveal fully such knowledge to such authority as is empowered to investigate or act upon the conduct of lawyers or judges".

(r) Those assured to Plaintiffs pursuant to Title 2:190d of the federal code under which a citizen is assured of Congress's *continuing* analysis and appraisal of the application, administration, and execution of the laws enacted by the Congress (as distinct from the *periodic analysis* and appraisal which both Defendant/Congressman Henry Hyde and Defendant/Senator Orrin Hatch have both fraudulently inferred to be existent) and the continuing formulation and enactment of changes in such law as may be necessary or

appropriate to avert the abuses such as are known to exist by every member of Congress's

Judicial Committees and continue to be condoned by these same members.

(s) Those assured to Plaintiffs by Title 28:591(c) of the federal code which assure to

Plaintiffs that the Attorney General may conduct a preliminary investigation in accordance

with Title 28:592 if the Attorney General receives information sufficient to constitute

grounds to investigate whether any person other then a person described in subsection (b)

of such Title may have violated any Federal criminal law. That the only factors which

may be considered in anticipation of such investigation are the specificity of the

information received and the credibility of its source.

> Plaintiffs submit that the information provided to Defendant Congressmen by
>
> Plaintiffs, consisting as it did of court documents in support of their allegations and
>
> which further referenced other potential evidence, arising under suspicious
>
> circumstances, on particular dates and at particular places meets in all respects
>
> the standard established by the federal court in Nathan v Smith 237 App DC
>
> 364, 737 F2d 1069 which held that "the quality of information required in
>
> order to undertake a preliminary investigation should emphasize specific factual
>
> support, facts indicating crime, potential evidence, suspicious circumstances,
>
> and particular dates and places".

(t) Those assured to Plaintiffs by Title 28:592(g) of the federal code such as assure to

Plaintiffs that "the Committee on the Judiciary of either House of the Congress, or a

majority of majority party members or a majority of all non-majority members of either

such committee, may request in writing that the Attorney General conduct such a

preliminary investigation. Relevant to which Plaintiffs are assured pursuant to Title 2:193

21

of the federal code that "no witness (neither a Senator nor Congressman sitting upon a Judicial Committee of either House of Congress nor an ordinary citizen) - having both information and evidence establishing that the *fixed opinion* of a federal judge in district court has deprived a litigant of his property without granting him either due process or the protection of the law - is privileged to refuse to testify to such fact, or to refuse to produce the evidence in his/her possession, respecting which he may be examined by either House of Congress, or by any committee of either House, upon the ground that his testimony to such facts or his production of such paper may tend to disgrace him or otherwise render him infamous".

(u) Those assured to Plaintiffs pursuant to Title 28:1365 of the federal code pursuant to which Congress may themselves, independent of any investigation which may be occurring within the Justice Department, conduct their own investigation. Relevant to which a citizen is assured of the jurisdiction of the United States District Court for the District of Columbia in any civil action brought by the Senate or any committee or subcommittee of the Senate to enforce any order issued by the Senate or committee or subcommittee of the Senate to *any entity acting or purporting to act under color or authority of State law* or to any natural person to secure the production of documents or other materials of any kind or the answering of any deposition or interrogatory or to secure testimony or any combination thereof in regards to all such investigations.

(v) Those assured to Plaintiffs pursuant to Title 2:192 of the federal code under which a citizen is assured that every person who may be summoned as a witness under Title 28:1365 in regards to all such investigations as may be conducted pursuant to Title 28:1365 will be compelled, under threat of punishment, to appear and testify truthfully,

22

give testimony or produce papers upon any matter under inquiry before either House or any committee of either House of Congress.

(w) Those assured to Plaintiffs pursuant to Title 28:533 of the federal code pursuant to which a citizen is assured that the Attorney General will appoint officials to detect and prosecute crimes against the United States and that this power of appointment to investigate and prosecute does not preclude other departments having investigative jurisdiction from proceeding without an express directive from the Attorney General to do so.

(x) Those assured to Plaintiffs pursuant to Title 28:547 of the federal code pursuant to which a citizen is assured that a "United States attorney . . . shall prosecute all offenses against the United States occurring within her/his district".

(37)

Plaintiffs submit that federal law holds that "the jurisdiction in civil . . . matters conferred on the district courts . . . for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, *so far as such laws are suitable to carry the same into effect*; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, . . . shall be extended to and govern the said courts in the trial and disposition of the cause".

(38)

Plaintiffs assert that such federal statute as is cited at paragraph (37) above establishes that several of South Dakota's statutes as particularly applicable to matters before this court - such statutes providing that "any person who, having taken an oath that he will declare truly before any competent tribunal in any case where an oath may by law be administered, intentionally and contrary to such oath, states any material matter which he knows to be false is guilty of perjury".

(39)

Further, that "an unqualified statement of that which one does not know or reasonably believe to be true is equivalent to a statement of that which one knows to be false".

(40)

Further, that "any person who intentionally procures another person to commit perjury is guilty of subornation of perjury".

(41)

And that "every person guilty of subordination of perjury is punishable in the same manner as he would be if personally guilty of the perjury so procured".

(42)

That the Supreme Court of the United States has held that the "giving of perjured testimony in furtherance of a conspiracy constitutes conduct actionable under Title 42:1985" and other federal law holds that "a person is guilty of perjury if in any official proceeding he makes a false statement while subject to a previous oath or swears or affirms the truth of a statement previously made when he does not believe it to be true".

24

(43)

That the Supreme Court of the United States has further held that "whomever having taken an oath before a competent tribunal, officer or person, in any case in which a law of the United States authorizes an oath be administered . . . shall willfully and contrary to such oath state or subscribe any material matter which he does not believe to be true, is guilty of perjury and that perjury may be based upon false statements in an affidavit either expressly required by an act of congress or by an authorized regulation of a department".

(44)

The Supreme Court further holds that such "oath need not be administered in a particular judicial proceeding . . . it being sufficient that the oath have been previously administered by one having lawful and competent authority to do so". The Court further holds that "it is a perjurious act to enter untruthful testimony before and/or within an official forum, even though the proceedings may not require an oath as to the testimony itself, if one's very qualification for appearance before or entry upon such forum is in such capacity as is predicated upon a previous oath - as in the instance of those state and federal officials before the court in this action.

(45)

Plaintiffs, in entering charges and claims against Defendants, further aver that any set of answers submitted by any Defendant to the allegations and claims contained herein which does not include the most appropriate of the two clauses/oaths cited below at paragraph (47), intending same said clause/oath to be applicable to all such answers, shall be properly deemed to be attempting to suppress or conceal the truth in regards to these same matters. Further, such omission shall constitute the indisputable establishment of the fact that said Defendant is attempting to evade the

25

copyright and patent laws, the tort laws, the anti-trust laws, the criminal RICO laws and the civil

rights laws together with their respective oaths to support the Constitution of the United States.

(46)

Further, that such evasion, by proper inference, is a further attempt to aid the conspiracy which

has been both alleged by Plaintiffs and admitted to by Defendants Prentice Hall Inc., Prentice

Hall-Canada, Arco Publishing, Eric Rodwell, Audrey Grant, Jonathon Newcomb, Poling Chu,

Chuck Wall, Hart Hillman, ACBL, Roy Green, Denis Howard, William Gross, Julie Greenberg,

Best Book Mfrs. Ltd, Imprimeri Gagne, Baron Barclay, and WITF TV in both of Plaintiffs' civil

actions SD95-5024 and SD96-5014.

(47)

Such answers as are referenced in paragraph (45) above, if executed without the United

States, shall include the clause: *"I declare under penalty of perjury under the laws of*

*the United States of America that all that is contained herein is true and correct"*

*Executed on:  (date)          By:      (signature of Defendant)*

(or)

Such answers as are referenced in paragraph (45) above, if executed within the United

States, its territories, possessions or   commonwealth shall include the clause: *"I declare*

*under penalty of perjury that all that is contained herein is true and correct"*

*Executed on:  (date)          By:      (signature of Defendants)*

(48)

Further, Plaintiffs aver that should any Defendant herein cited obstruct, resist, or oppose

Plaintiffs' efforts to serve process upon them, by whatever means Plaintiffs might choose to serve

such process, such Defendant will be in yet further violation of federal law.

26

### First Claim

(49)

Plaintiffs submitting that the Supreme Court of the United States has held that "admissions in a pleading may consist in the failure to deny in the answer the averments of the petition" and "no evidence or findings are needed to establish a fact conceded by answer" complain against Defendants Prentice Hall Inc., Prentice Hall-Canada, Arco Publishing, Eric Rodwell, Audrey Grant, Jonathon Newcomb, Poling Chu, Chuck Wall, Hart Hillman, ACBL, Roy Green, Denis Howard, William Gross, Julie Greenberg, Best Book Mfrs., Ltd, Imprimeri Gagne, Baron Barclay, and WITF TV and for a first claim for relief allege that:

(50)

"Upon the establishment of the participation of a defendant in a conspiracy such defendant becomes liable for everything said, written or done by the other conspirators in furtherance of the common purpose, whether or not such acts were performed by other conspirators previous to or subsequent to said defendant's entry into the conspiracy". Further, "damages are recoverable for every claim warranting damages under a pleading which does not enumerate all such damages". As the participation of Defendants Prentice Hall Inc., Prentice Hall-Canada, Arco Publishing, Eric Rodwell, Audrey Grant, Jonathon Newcomb, Poling Chu, Chuck Wall, Hart Hillman, ACBL, Roy Green, Denis Howard, William Gross, Julie Greenberg, Best Book Mfrs., Ltd, Imprimeri Gagne, Baron Barclay, and WITF TV in the conspiracy is herein established they are necessarily liable to Plaintiffs for the unlawful acts of all other Defendants cited herein. Plaintiffs therefore incorporate Paragraphs (1) through (48) above and paragraphs (67) through (222) below, of this their complaint, and make such paragraphs a part hereof.

(51)

Plaintiffs aver that Defendants Prentice Hall Inc., Prentice Hall-Canada, Arco Publishing, Eric

Rodwell, Audrey Grant, Jonathon Newcomb, Poling Chu, Chuck Wall, Hart Hillman, ACBL, Roy

Green, Denis Howard, William Gross, Julie Greenberg, Best Book Mfrs. Ltd, Imprimeri Gagne,

Baron Barclay, and WITF TV have combined and conspired with other Defendants under color of

a state statute in violation of Title 42:1983 and have caused Plaintiffs, citizens of the United

States, to be subjected to the deprivation of rights, privileges and immunities secured to them by

the United States Constitution and federal law.

(52)

Said Defendants have combined and conspired with other Defendants to proceed under color of a

state statute to subject Plaintiffs to the deprivation of their copyright and patent properties such as

are secured to them by the United States Constitution and federal law. The state statute upon

which said Defendants have unlawfully proceeded is South Dakota's statute SD 43-43-4 which

states, in significant part, that "if the owner of a product of the mind intentionally makes it public,

copy or reproduction may be made by any person without responsibility to the owner so far as the

law of this state is concerned".

(53)

As the wrongful acts committed by Defendants cited herein, constitute violations of Title 42:1983

and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages

occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the

unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to

violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36)

28

above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright

and patent properties and continue to injure Plaintiffs in their business in respect to both interstate

and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent

do daily preclude them from realizing the sales and profits which would otherwise accrue to them

as rightful owners.

(54)

Plaintiffs assert that as said Defendants are admitted as to this claim pursuant to Rules 15(b), 8(d),

and 56(e) of the Federal Rules of Civil Procedure and are so admitted on numerous occasions in

both of Plaintiffs' pending actions, SD95-5024 and SD96-5014, and that as Defendants' crimes

are readily established pursuant to the pleadings on file within the district court, the Eighth Circuit

Appellate Court, the Federal Circuit Appellate Court, the United States Supreme Court and the

Seventh District State Court of the State of South Dakota, and that such crimes have been held by

both federal law and the Supreme Court of the United States to be such as will sustain a cause of

action against Defendants under Title 42:1983 -1986, there is a substantial likelihood that

Plaintiffs will succeed on the merits of this action.

**Second Claim**

(55)

Plaintiffs further complaining against Defendants Prentice Hall Inc., Prentice Hall-Canada, Arco

Publishing, Eric Rodwell, Audrey Grant, Jonathon Newcomb, Poling Chu, Chuck Wall, Hart

Hillman, ACBL, Roy Green, Denis Howard, William Gross, Julie Greenberg, Best Book Mfrs.

Ltd, Imprimeri Gagne, Baron Barclay, and WITF TV in entering a second claim for relief allege:

29

(56)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1)
through (54) above and paragraphs (67) through (222) below, of this their complaint, and make
such paragraphs a part hereof.

(57)

Plaintiffs aver that Defendants Prentice Hall Inc., Prentice Hall-Canada, Arco Publishing, Eric
Rodwell, Audrey Grant, Jonathon Newcomb, Poling Chu, Chuck Wall, Hart Hillman, ACBL, Roy
Green, Denis Howard, William Gross, Julie Greenberg, Best Book Mfrs., Ltd, Imprimeri Gagne,
Baron Barclay, and WITF TV have further conspired with other Defendants in violation of Title
42:1985(2) to deter by intimidation and threat, Plaintiffs and Plaintiffs' legal council from
attending a federal court of the United States and from witnessing freely, fully, and truthfully to
matters pending therein.

(58)

Said Defendants have conspired with other Defendants to deter Plaintiffs and their legal council,
Dave Wurm, from attending a federal court - Plaintiffs' legal council having quit the case in
response to Defendants' threats of legal action against him were he not to do so. Plaintiffs were
thereby deprived of the legal council to which they are assured pursuant to the Sixth (through the
Fourteenth Amendment) of the United States Constitution and which was further secured to them
by a most *particular* contract to which both they and said council had subscribed.

(59)

As the wrongful acts committed by Defendants cited herein, constitute violations of Title 42:1983
and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages

occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright and patent properties and continue to injure Plaintiffs in their business in respect to both interstate and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent do daily preclude them from realizing the sales and profits which would otherwise accrue to them as rightful owners.

(60)

Plaintiffs assert that as said Defendants are admitted as to this claim pursuant to Rules 15(b), 8(d), and 56(e) of the Federal Rules of Civil Procedure and are so admitted on numerous occasions in both of Plaintiffs' pending actions, SD95-5024 and SD96-5014, and that as Defendants' crimes are readily established pursuant to the pleadings on file within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court, the United States Supreme Court and the Seventh District State Court of the State of South Dakota, and that such crimes have been held by both federal law and the Supreme Court of the United States to be such as will sustain a cause of action against Defendants under Title 42:1983 -1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

**Third Claim**

(61)

Plaintiffs further complaining against Defendants Prentice Hall Inc., Prentice Hall-Canada, Arco Publishing, Eric Rodwell, Audrey Grant, Jonathon Newcomb, Poling Chu, Chuck Wall, Hart

Hillman, ACBL, Roy Green, Denis Howard, William Gross, Julie Greenberg, Best Book Mfrs.,

Ltd, Imprimeri Gagne, Baron Barclay, and WITF TV in entering a third claim for relief allege :

(62)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1)

through (60) above and paragraphs (67) through (222) below, of this their complaint, and make

such paragraphs a part hereof .

(63)

Plaintiffs aver that Defendants Prentice Hall Inc., Prentice Hall-Canada, Arco Publishing, Eric

Rodwell, Audrey Grant, Jonathon Newcomb, Poling Chu, Chuck Wall, Hart Hillman, ACBL, Roy

Green, Denis Howard, William Gross, Julie Greenberg, Best Book Mfrs. Ltd, Imprimeri Gagne,

Baron Barclay, and WITF TV have further conspired with other Defendants in violation of Title

42:1985(2) for the purpose of impeding, hindering, obstructing and defeating, in various manners,

the due course of justice with the intent of denying to Plaintiffs, citizens of the United States, the

equal protection of the laws and to injure them in their persons and property for lawfully

enforcing and attempting to enforce, their right to access to the federal courts and to the equal

protection of the laws.

(64)

Said Defendants have further conspired with other Defendants in violation of Title 42:1985(2) for

the purpose of obstructing and defeating the due course of justice, with the intent of denying to

Plaintiffs the equal protection of the laws and to injure them in their persons and property for

lawfully enforcing and attempting to enforce, their right to access to the federal courts and to the

equal  protection of the laws wherein they are admitted to doing so - and are further admitted to:

32

(a) The fact that Defendant Audrey Grant has withheld, misrepresented and concealed material subject to demand, endeavoring thereby to impede or obstruct justice and of further concealing subject matter and facts to avoid prosecution and investigation.

(b) The fact that Defendant and fugitive from justice, Eric Rodwell, committed assault upon a process server previous to fleeing the United States to avoid prosecution.

(c) The fact that they have all willfully and oppressively used the legal process in a manner constituting malicious interference with personal rights and privileges secured to Plaintiffs by the Federal Constitution and have jointly and severally withheld, misrepresented and falsified material documentation relevant to this case.

(d) The fact that they are in further violation of other actionable torts which include, but are not limited to, wrongful taking of property, fraud and deceit, malfeasance, acts and works of suppression, deception to induce another to surrender some legal right, and injury to a business.

(e) The fact that they have all willfully conspired with Defendants Gene N. Lebrun and Lynn, Jackson, Shultz & Lebrun, P.C. to obstruct justice in "furtherance of illegality"

(65)

As the wrongful acts committed by Defendants cited herein, constitute violations of Title 42:1983 and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright

33

and patent properties and continue to injure Plaintiffs in their business in respect to both interstate and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent do daily preclude them from realizing the sales and profits which would otherwise accrue to them as rightful owners.

(66)

Plaintiffs assert that as said Defendants are admitted as to this claim pursuant to Rules 15(b), 8(d), and 56(e) of the Federal Rules of Civil Procedure and are so admitted on numerous occasions in both of Plaintiffs' pending actions, SD95-5024 and SD96-5014, and that as Defendants' crimes are readily established pursuant to the pleadings on file within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court, the United States Supreme Court and the Seventh District State Court of the State of South Dakota, and that such crimes have been held by both federal law and the Supreme Court of the United States to be such as will sustain a cause of action against Defendants under Title 42:1983 -1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

**Fourth Claim**

(67)

Plaintiffs submitting that federal law holds that "if defendant had some legal responsibility for the acts of admitted Defendants, knowing that their activities were illegal, then he is guilty of participation in conspiracy" complain against Defendants Gene N. Lebrun and Lynn, Jackson, Shultz & Lebrun and for a fourth claim for relief allege that:

34

(68)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1)

through (66) above and paragraphs (86) through (222) below, of this their complaint, and make

such paragraphs a part hereof.

(69)

Plaintiffs aver that Defendants Gene N. Lebrun and Lynn, Jackson, Shultz & Lebrun have

combined and conspired with other Defendants under color of a state statute in violation of Title

42:1983 and have caused Plaintiffs, citizens of the United States, to be subjected to the

deprivation of rights, privileges and immunities secured to them by the United States Constitution

and federal law.

(70)

Said Defendants have conspired with other Defendants and have proceeded under color of a state

statute to subject Plaintiffs to the deprivation of rights, privileges and immunities secured to them

by the United States Constitution and federal law. Plaintiffs aver that Defendants Gene N. Lebrun

and Lynn, Jackson, Shultz & Lebrun have themselves proceeded under color of an 'alleged' state

statute for the purposes of perpetrating a fraud upon the district court, thereby effectively denying

to Plaintiffs their rights to due process and the protection of the laws, wherein cited Defendants

submitted pleadings to the district court asserting and causing the court to *believe* that the ethical

and disciplinary considerations referenced in the Federal Rules of Civil Procedure (notably those

at Rules 1 and 11) were *no longer applicable* in the state of South Dakota.

(71)

As the wrongful acts committed by Defendants cited herein, constitute violations of Title 42:1983

and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages

occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above. Defendant's unlawful acts have deprived them of their exclusive rights to their copyright and patent properties and continue to injure Plaintiffs in their business in respect to both interstate and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent do daily preclude them from realizing the sales and profits which would otherwise accrue to them as rightful owners.

(72)

Plaintiffs assert that as said Defendants are admitted as to this claim by their admitted clients pursuant to Rules 15(b), 8(d), and 56(e) of the Federal Rules of Civil Procedure and are so admitted on numerous occasions in both of Plaintiffs' pending actions, SD95-5024 and SD96-5014, and that as Defendants' crimes are readily established pursuant to the pleadings on file within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court, the United States Supreme Court and the Seventh District State Court of the State of South Dakota, and that such crimes have been held by both federal law and the Supreme Court of the United States to be such as will sustain a cause of action against Defendants under Title 42:1983 - 1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

**Fifth Claim**

(73)

Plaintiffs further complaining against Defendants Gene N. Lebrun and Lynn, Jackson, Shultz & Lebrun in entering a fifth claim for relief allege:

36

(74)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1) through (72)  above and paragraphs (86) through (222) below, of this their complaint, and make such paragraphs a part hereof .

(75)

Plaintiffs aver that Defendants Gene N. Lebrun and Lynn, Jackson, Shultz & Lebrun have further combined and conspired with other Defendants in violation of Title 42:1985(2) to deter Plaintiffs by intimidation and threat from attending a federal court of the United States and from witnessing freely, fully, and truthfully to matters pending therein.

(76)

Said Defendants have conspired with other Defendants to deter Plaintiffs by intimidation and threat from attending a federal court and from testifying to matters pending therein freely and fully wherein they have entered pleadings with the court threatening Pro se Plaintiffs with further legal action were they not to voluntarily withdraw every claim entered against the Defendant parties whom they represent.

(77)

As the wrongful acts committed by Defendants cited herein, constitute violations of Title 42:1983 and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright

and patent properties and continue to injure Plaintiffs in their business in respect to both interstate

and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent

do daily preclude them from realizing the sales and profits which would otherwise accrue to them

as rightful owners.

(78)

Plaintiffs assert that as said Defendants are admitted as to this claim pursuant to Rules 15(b), 8(d),

and 56(e) of the Federal Rules of Civil Procedure and are so admitted on numerous occasions in

both of Plaintiffs' pending actions, SD95-5024 and SD96-5014, and that as Defendants' crimes

are readily established pursuant to the pleadings on file within the district court, the Eighth Circuit

Appellate Court, the Federal Circuit Appellate Court, the United States Supreme Court and the

Seventh District State Court of the State of South Dakota, and that such crimes have been held by

both federal law and the Supreme Court of the United States to be such as will sustain a cause of

action against Defendants under Title 42:1983 -1986, there is a substantial likelihood that

Plaintiffs will succeed on the merits of this action.

**Sixth Claim**

(79)

Plaintiffs further complaining against Defendants Gene N. Lebrun and Lynn, Jackson, Shultz &

Lebrun in entering a sixth claim for relief allege :

(80)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1)

through (78) above and paragraphs (86) through (222) below, of this their complaint, and make

such paragraphs a part hereof .

(81)

38

Plaintiffs aver that Defendants Gene N. Lebrun and Lynn, Jackson, Shultz & Lebrun have further conspired together with other Defendants in violation of Title 42:1985(2) for the purpose of impeding, hindering, obstructing and defeating, in various manners, the due course of justice with the intent of denying to Plaintiffs, citizens of the United States, the equal protection of the laws and to injure them in their persons and property for lawfully enforcing and attempting to enforce their right of access to the federal courts and to the equal protection of the laws.

(82)

Said Defendants have further conspired with other Defendants for the purpose of obstructing and defeating, in various manners, the due course of justice with the intent of denying to Plaintiffs the equal protection of the laws wherein they have continuously perpetrated frauds upon district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court, The Supreme Court of the United States and the Seventh District State Court of the state of South Dakota - such as go to the jurisdictions of each of these latter courts. Such frauds include, but are not limited to, the fabrication and filing of false evidence with the district court and the Federal Circuit Appellate Court, the filing of a fraudulent and perjurious affidavit with the district court, thereby perpetrating a further fraud upon said court averring that Plaintiffs' second action (SD96-5014) included no other claims than copyright claims. Plaintiffs submit that the records of the district court as well as those of the Eighth and Federal Appellate Courts and the United States Supreme Court will establish that not only are Defendants Gene N. Lebrun and Lynn, Jackson, Shultz & Lebrun admitted to acknowledging that Plaintiffs' actions include patent claims together with copyright and other claims, but also that Plaintiffs' *patent claims have been well pleaded*.

(83)

39

As the wrongful acts committed by Defendants cited herein, constitute violations of Title 42:1983 and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright and patent properties and continue to injure Plaintiffs in their business in respect to both interstate and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent do daily preclude them from realizing the sales and profits which would otherwise accrue to them as rightful owners.

(84)

Plaintiffs assert that as said Defendants are admitted as to this claim pursuant to Rules 15(b), 8(d), and 56(e) of the Federal Rules of Civil Procedure and are so admitted on numerous occasions in both of Plaintiffs' pending actions, SD95-5024 and SD96-5014, and that as Defendants' crimes are readily established pursuant to the pleadings on file within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court, the United States Supreme Court and the Seventh District State Court of the State of South Dakota, and that such crimes have been held by both federal law and the Supreme Court of the United States to be such as will sustain a cause of action against Defendants under Title 42:1983 -1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

(85)

Plaintiffs further aver that Defendants Gene N. Lebrun and Lynn, Jackson, Shultz & Lebrun, P.C. are also in violation of Title 42:1986 wherein Defendants were at all times knowledgeable of the

40

wrongs being done to Plaintiffs, that such wrongs are mentioned in section 1985 of this Title, and

having had the power to prevent or aid in preventing the commission of the same and having both

neglected and refused to do so, Defendants are necessarily liable to Plaintiffs, the parties injured,

for all damages caused by such wrongful acts.

### Seventh Claim

(86)

Plaintiffs submitting that federal law holds that a "judge's private, prior agreement to decide in

favor of one party is not a judicial act, *and proof of the agreement will form the basis of liability*

in action under Title 42:1986" and the "agreement to conspire may be proved by circumstantial

evidence and such evidence will be sufficient if it places defendant at hub of wheel of events . . .

so that evidence excludes every reasonable hypothesis, except that of guilty" complain against

Defendant Richard H. Battey and for a seventh claim for relief allege that:

(87)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1)

through (85) above and paragraphs (105) through (222) below, of this their complaint, and make

such paragraphs a part hereof.

(88)

Plaintiffs aver that Defendant Richard H. Battey has conspired with other Defendants under color

of a state statute in violation of Title 42:1983 and has caused Plaintiffs, citizens of the United

States, to be subjected to the deprivation of rights, privileges and immunities secured to them by

the United States Constitution and federal law.

41

(89)

Said Defendant has conspired with other Defendants and has himself proceeded under color of a

state statute wherein he ordered the unlawful release of Plaintiffs' council of record pursuant to

South Dakota's statute (SDCL 16-18 (Appdx), Rule 1.16(b)(4) and (5) ) proceeding on the

further basis of affidavits previously known by him to be fraudulent. By such act Defendant

Richard H. Battey did effectively deny to Plaintiffs their Sixth/Fourteenth Amendment right to the

council previously secured to them under contract.

(90)

As the wrongful acts committed by Defendant cited herein, constitute violations of Title 42:1983

and Title 42:1985(b), said Defendant is necessarily liable to Plaintiffs for all damages occasioned

by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts

committed by Defendant cited herein further include violation of, and conspiracy to violate,

Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above.

Defendant's unlawful acts have deprived them of their exclusive rights to their copyright and

patent properties and continue to injure Plaintiffs in their business in respect to both interstate and

foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent do

daily preclude them from realizing the sales and profits which would otherwise accrue to them as

rightful owners.

(91)

Plaintiffs assert that as Defendant's crimes are readily established pursuant to the pleadings on file

within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court,

the United States Supreme Court and the Seventh District State Court of the State of South

Dakota, and that such crimes have been held by both federal law and the Supreme Court of the United States to be such as will sustain a cause of action against Defendant under Title 42:1983 - 1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

## Eighth Claim

(92)

Plaintiffs, further complaining against Defendant Richard H. Battey in entering an eighth claim for relief, allege that:

(93)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1) through (91) above and paragraphs (105) through (222) below, of this their complaint, and make such paragraphs a part hereof.

(94)

Plaintiffs aver that Defendant Richard H. Battey has further conspired with other Defendants in violation of Title 42:1985(2) to deter Plaintiffs by intimidation and threat from attending a federal court of the United States and from witnessing freely, fully, and truthfully to matters pending therein.

(95)

Said Defendant has conspired with other Defendants in violation of Title 42:1985(2) to deter Plaintiffs by intimidation and threat from attending a federal court of the United States and from witnessing freely, fully, and truthfully to matters pending therein wherein he has entered orders precluding Plaintiffs, under penalty of sanctions, from any further pleading in regards to either of their civil actions (SD95-5024 and SD96-5014) - both of which are still pending within this same district court.

(96)

As the wrongful acts committed by Defendant cited herein constitute violations of Title 42:1983

and Title 42:1985(b), said Defendant is necessarily liable to Plaintiffs for all damages occasioned

by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts

committed by Defendant cited herein further include violation of, and conspiracy to violate,

Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above.

Defendant's unlawful acts have deprived them of their exclusive rights to their copyright and

patent properties and continue to injure Plaintiffs in their business in respect to both interstate and

foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent do

daily preclude them from realizing the sales and profits which would otherwise accrue to them as

rightful owners.

(97)

Plaintiffs assert that as Defendant's crimes are readily established pursuant to the pleadings on file

within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court,

the United States Supreme Court and the Seventh District State Court of the State of South

Dakota, and that such crimes have been held by both federal law and the Supreme Court of the

United States to be such as will sustain a cause of action against Defendant under Title 42:1983 -

1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

**Ninth Claim**

(98)

Plaintiffs further complaining against Defendant Richard H. Battey in entering a ninth claim for

relief allege that:

(99)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1)

through (97) above and paragraphs (105) through (222) below, of this their complaint, and make

such paragraphs a part hereof .

(100)

 Plaintiffs aver that Defendant Richard H. Battey has further conspired with other Defendants in

violation of Title 42:1985(2) for the purpose of impeding, hindering, obstructing and defeating, in

various manners, the due course of justice with the intent of denying to Plaintiffs, citizens of the

United States, the equal protection of the laws and to injure them in their persons and property

for lawfully enforcing and attempting to enforce, their right of access to the federal courts and to

the equal  protection of the laws.

(101)

Said Defendant has conspired with other Defendants in further violation of Title 42:1985(2) for

the purpose of obstructing and defeating, in various manners, the due course of justice with the

intent of denying to Plaintiffs, citizens of the United  States, the equal protection of the laws and

to injure them in their persons and property for lawfully enforcing and attempting to enforce, their

right of access to the federal courts and to the equal  protection of the laws wherein he is in

further violation of:

>     (a) Ordering an unauthorized 'extension' in which Defendants might answer Plaintiffs'
>     complaint thereby permitting them to enter similarly perjurious pleadings.
>
>     (b) Seeking to dismiss Plaintiffs' action by unlawful means, Defendant Richard Battey
>     ordered a special meeting to be conducted outside the jurisdiction of the district court.

Upon Plaintiffs' discovery of this unlawful meeting and their bringing it to the clerk of court's attention, it was docketed into the court's records for the first time and subsequently canceled by Defendant Richard Battey previous to being held.

(c) Fraudulently ordering three non-existent motions perjuriously averred to be before the court into one for summary judgment on behalf of Defendants (such action while unlawful was also taken outside the jurisdiction of the court as the court cannot address any material matter not properly presented to it by the litigants).

(d) Fraudulently returning Plaintiffs' Declaritory Judgment Complaint in Respect to an Invention and perjuriously averring such to require amendment to the pleadings pursuant to Rule 15(a) of the Federal Rules of Civil Procedure - such being a violation of Plaintiffs' constitutional rights to the protection of the law at Title 28:2201/2202 and due process itself.

(e) Entering summary judgment for Defendants in an action in which they had entered no defense at all, having neither controverted nor denied any of Plaintiffs' averments in Plaintiffs' cross-summary judgment motion such as established Plaintiffs' uncontroverted and incontrovertible right to such judgments pursuant to both the Rules and the federal law.

(f) Dismissing admitted and criminal Defendants in Plaintiffs' second action (SD96-5014) on the fraudulent and perjurious assertions that the inapplicable doctrine of res judicata was in fact applicable to said action pursuant to his void judgment in Plaintiffs' previous action (SD95-5024). Further, relative to this same action in which the Defendants cited in paragraph (1) above were admitted to violation of and conspiracy to violate trademark, copyright and patent claims (together with others) - such as clearly entitle Plaintiffs to the

jurisdiction of the Federal Circuit Appellate on their appeals pursuant to the Fifth, Sixth
and Fourteenth Amendment and the federal law at Title 28:1295 - Defendant Richard
Battey entered an order to the effect that "under penalty of sanctions, plaintiffs are
directed to file no further documents in this action except for a notice of appeal to *the
Eighth Circuit Court of Appeals*".

(g) Ordering the fraudulent alteration of the docket on appeal so as to misrepresent the
nature of the action on appeal - establishing thereby the fraudulent grounds for sending
Plaintiffs' action to the Eighth Circuit Appellant Court rather then to the United States
Court of Appeals for the Federal Circuit. Wherein the latter jurisdiction is assured to
Plaintiffs by Title 28:1295, such unlawful act by Defendant Battey is in further violation of
Plaintiffs' Fifth, Sixth and Fourteenth Amendment rights.

(h) Falsifying the court's record by criminally ordering the entry of fabricated and perjured
'evidence' into such record. The material Defendant Richard Battey sought to have
entered was material which had never previously been either submitted to the court or
filed with the court. Wherein Defendant Richard Battey's order was issued  subsequent to
the transfer and docketing of Plaintiffs' action within the Eighth Circuit Appellate Court
and the Eighth Circuit Appellant's unlawful and contested assumption of its jurisdiction
these two felony offenses committed by Defendant Richard Battey must necessarily have
been committed outside his jurisdiction and that of the district court as well.

(i) Ordering that Plaintiffs "shall not file any further documents in this case (SD95-5024).
The Clerk of Court shall not accept for filing any further documents in this case pending
further order of this court". . . while at the same time acknowledging within this same
document that "Pending resolution of the current appeal, this Court is without

47

jurisdiction". Plaintiffs' submit that federal law holds that "when a judge knows of the absence of jurisdiction he acts in the clear absence of jurisdiction".

(j) Plaintiffs further aver that Defendant Richard H. Battey has further conspired with other Defendants to injure Plaintiffs in their persons and property for lawfully enforcing and attempting to enforce, their right of access to the federal courts and to the equal protection of the laws in that he has entered a punitive judgment (awarding attorney's fees to Defendants) against Plaintiffs for having filed their second action (SD96-5014) against Defendants. Defendant Richard H. Battey fraudulently and perjuriously averred that Plaintiffs' second action was improper.

(102)

As the wrongful acts committed by Defendant cited herein constitute violations of Title 42:1983 and Title 42:1985(b), said Defendant is necessarily liable to Plaintiffs for all damages occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts committed by Defendant cited herein further include violation of, and conspiracy to violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above. Defendant's unlawful acts have deprived them of their exclusive rights to their copyright and patent properties and continue to injure Plaintiffs in their business in respect to both interstate and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent do daily preclude them from realizing the sales and profits which would otherwise accrue to them as rightful owners.

(103)

Plaintiffs assert that as Defendant's crimes are readily established pursuant to the pleadings on file within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court,

48

the United States Supreme Court and the Seventh District State Court of the State of South Dakota, and that such crimes have been held by both federal law and the Supreme Court of the United States to be such as will sustain a cause of action against Defendant under Title 42:1983 - 1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

(104)

Plaintiffs further aver that Defendant Richard H. Battey is also in violation of Title 42:1986 wherein Defendant was at all times knowledgeable of the wrongs being done to Plaintiffs, that such wrongs are mentioned in section 1985 of this Title, and having had the power to prevent or aid in  preventing the commission of the same and having both neglected and refused to do so, Defendant is necessarily liable to Plaintiffs, the parties injured, for all damages caused by such wrongful acts.

### Tenth Claim

(105)

Plaintiffs submitting that federal law holds that "an Appellate Court is bound by the decisions of the Supreme Court"; that "an Appellate Court must take notice of its own want of jurisdiction apparent on the record as such cannot be conferred by the parties by either their failure to raise the question or by consent"; that "parties may except to erroneous ruling in regard thereto"; that "a court lacks discretion to consider the merits of a case over which it is without jurisdiction" and that "a decision of the lower court may be attacked on appeal that it is void and a legal nullity and an Appeals Court will so far take cognizance of the void entry to the decision as to reverse it and restore the parties to the position they originally occupied" complain against Defendants Pasco M. Bowman, C Arlen Beam, James B. Loken and Clarence Thomas and for a tenth claim for relief allege that:

(106)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1) through (104) above and paragraphs (124) through (222) below, of this their complaint, and make such paragraphs a part hereof .

(107)

Plaintiffs aver that Defendants Pasco M. Bowman, C. Arlen Beam, James B. Loken and Clarence Thomas have combined and conspired with other Defendants 'under color of law' and have caused Plaintiffs, citizens of the United States, to be subjected to the deprivation of rights, privileges and immunities secured to them by the United States Constitution and federal law.

(108)

Plaintiffs further submitting that federal law holds that "a judge who committed an unprivileged act in violation of a litigant's civil rights was acting under color of law and liability is clearly established under Title 42:1983" aver that said Defendants conspired with other Defendants to proceed under 'color of law' and subject Plaintiffs to the deprivation of rights, privileges and immunities secured to them by the Constitution and federal law wherein cited Defendants were at all times knowledgeable that: (a) Defendants cited in paragraph (1) above were proceeding under color of a state law in regards to their infringements of Plaintiffs' copyright and patent; (b) that the Eighth Circuit Appellate lacked all discretion to consider the merits of Plaintiffs' actions as it had no jurisdiction whatsoever to do so and (c) that the lower court's judgments were *neither final nor valid*. Defendants Pasco M. Bowman, C Arlen Beam, James B. Loken and Clarence Thomas nevertheless:

(a) did unlawfully order the docketing of Plaintiffs' action (SD95-5024) within the Eighth Circuit Appellate perjuriously averring that they had jurisdiction to review it - such unlawful act was intended for the sole purpose of defeating it.

(b) did refuse to forward said action to the Federal Circuit Appellate upon Plaintiffs' petition that they do so, Plaintiffs having previously provided said Defendants with uncontroverted and incontrovertible evidence establishing the propriety of such transfer.

(c) did refuse to issue an order for the correction of the fraudulent record of the lower court pursuant to Plaintiffs' continuing stipulations that the lower court do so and did issue orders that Plaintiffs plead to this fraudulent record knowing that such orders constituted violations of Plaintiffs' Fifth, Sixth and Fourteenth Amendments rights.

(d) did refuse to grant Plaintiffs a stay in the briefing schedule in order to permit them to affect the correction of the fraudulent record on appeal pursuant to the Federal Rules of Appellate Procedure at Rule 10(e) - such stay further intended to affect the transfer of Plaintiffs' actions to the jurisdiction assured to them by the Sixth Amendment (through the Fourteenth). Defendants have thereby subjected Plaintiffs to the deprivation of rights, privileges and immunities assured to them by the Constitution.

(e) did refuse to *notice* any of Plaintiffs' motions - such as addressed the perjuries and frauds  by which Defendants had affected their access to the Eighth Circuit Appellate and such as did further attack the judgments of the lower court on the grounds that they were "void and legal nullities". Wherein Defendants did not take cognizance of the void entries and restore the parties to the position they originally occupied, they have violated federal law and have further deprived Plaintiffs of its protections.

(109)

As the wrongful acts committed by Defendants cited herein, constitute violations of Title 42:1983 and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright and patent properties and continue to injure Plaintiffs in their business in respect to both interstate and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent do daily preclude them from realizing the sales and profits which would otherwise accrue to them as rightful owners.

(110)

Plaintiffs assert that as Defendants' crimes are readily established pursuant to the pleadings on file within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court, the United States Supreme Court and the Seventh District State Court of the State of South Dakota, and that such crimes have been held by both federal law and the Supreme Court of the United States to be such as will sustain a cause of action against Defendants under Title 42:1983 - 1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

**Eleventh Claim**

(111)

Plaintiffs further complaining against Defendants Pasco M. Bowman, C Arlen Beam, James B. Loken and Clarence Thomas and for an eleventh claim for relief allege that:

52

(112)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1)

through (110) above and paragraphs (124) through (222) below, of this their complaint, and make

such paragraphs a part hereof .

(113)

Plaintiffs aver that Defendants Pasco M. Bowman, C Arlen Beam, James B. Loken and Clarence

Thomas have further conspired with other Defendants in violation of Title 42:1985(2) to deter

Plaintiffs by intimidation and threat from attending a federal court of the United States and from

witnessing freely, fully, and truthfully to matters pending therein.

(114)

Said Defendants did conspire with other Defendants to deter Plaintiffs from attending the Federal

Circuit Appellate Court wherein Defendants sought by intimidation, threat and deceit to exploit

the presumed ignorance of Pro se Plaintiffs in respect to the law and their rights to the Federal

Circuit Appellate and have sought by deceit and fraud to affect Plaintiffs' submission to the Eighth

Circuit  while at all rimes knowing that were Plaintiffs to have so submitted they would have been

denied due process, the protection of the law, and their very right of further appeal to the only

Appellate Court having exclusive jurisdiction to review their actions in their entireties.

(115)

As the wrongful acts committed by Defendants cited herein, constitute violations of Title 42:1983

and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages

occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the

unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to

violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36)

above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright

and patent properties and continue to injure Plaintiffs in their business in respect to both interstate

and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent

do daily preclude them from realizing the sales and profits which would otherwise accrue to them

as rightful owners.

(116)

Plaintiffs assert that as Defendants' crimes are readily established pursuant to the pleadings on file

within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court,

the United States Supreme Court and the Seventh District State Court of the State of South

Dakota, and that such crimes have been held by both federal law and the Supreme Court of the

United States to be such as will sustain a cause of action against Defendants under Title 42:1983 -

1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

**Twelfth Claim**

(117)

Plaintiffs further complaining against Defendants Pasco M. Bowman, C Arlen Beam, James B.

Loken and Clarence Thomas and for a twelfth claim for relief allege that:

(118)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1)

through (116) above and paragraphs (124) through (222) below, of this their complaint, and make

such paragraphs a part hereof .

(119)

54

Plaintiffs aver that Defendants Pasco M. Bowman, C Arlen Beam, James B. Loken and Clarence Thomas have further conspired with other Defendants in violation of Title 42:1985(2) for the purpose of impeding, hindering, obstructing and defeating, in various manners, the due course of justice with the intent of denying to Plaintiffs, citizens of the United States, due process and the equal protection of the laws.

(120)

Said Defendants have further conspired with other Defendants in violation of Title 42:1985(2) for the purpose of obstructing and defeating the due course of justice with the intent of denying Plaintiffs both due process and the equal protection of the laws wherein cited Defendants, as *accessories before the fact*, are further guilty of subornation of perjury and compounding a felony in furtherance of a criminal conspiracy.

> (a) Said Defendants, subsequent to their obtaining information that Defendant Richard Battey had failed to review the contested works in respect to Plaintiffs' copyright or patent previous to entering his judgments did order Defendant Richard Battey to affect an alteration of the court's records by any means available - criminal or otherwise - so as to suggest that such works had been reviewed. As noted above at paragraph (94(h)) Defendant Richard Battey elected to resort to criminal means rather then recall the case for a complete adjudication of all of Plaintiffs' claims pursuant to the previous admissions of all Defendants.

> (b) Plaintiffs submit that pursuant to federal law, Eighth Circuit Justice and Defendant Clarence Thomas is in no way a lesser judge upon the bench of the Eighth Circuit Appellate then Defendants Pasco M. Bowman, C Arlen Beam and James B. Loken and therefore has similar authority and responsibilities. Plaintiffs aver that they petitioned

55

Defendant Clarence Thomas, in his capacity as Eighth Circuit Appellate Justice, for a stay in the aforementioned briefing schedule pending the resolution of their problems cited in paragraph (**103**) above. Plaintiffs submit that Defendant Clarence Thomas withheld his response to Plaintiffs' petition *for over twenty-four days* - hoping that *Pro se* Plaintiffs would unwittingly submit to the jurisdiction of the Eighth Circuit Appellate which would enable the Eighth Circuit Appellate to defeat their just cause. Plaintiffs further submit that upon the occasion of the submission of a similar petition to Defendant Clarence Thomas in his capacity as a Supreme Court Justice - when there was no longer any likelihood that Plaintiffs might, through error or ignorance, submit to the jurisdiction of the Eighth Circuit Appellate - he responded in the negative *within twenty four hours*. Plaintiffs submit that their petition seeking such stay in regards to their brief - due within the Eighth Circuit Appellate on September 6, 1996 - was received by Defendant Clarence Thomas on August 15, 1996. Twenty five days later Plaintiffs received Defendant Clarence Thomas's reply denying them their request. Further, his answer when received suggested that Plaintiffs had proceeded improperly which, were it to be repeated in his answers to this complaint, would constitute further perjury in furtherance of a conspiracy by cited Defendant. Plaintiffs submit that as "conspiracy 'also' means to interfere with or obstruct any one of the government's lawful functions by deceit, craft or trickery or any other means which are dishonest"; and that "participation in criminal conspiracy's common purpose and plan may be inferred from the circumstances", that such "participation is sufficiently established if the circumstances be such that there is knowledge of the purpose of others to commit offense . . . *and assistance in any way*

*toward accomplishment of such offense"* that Defendant Clarence Thomas is a

participating conspirator in Defendants' criminal enterprise.

(c) Further, the liability of Defendants Pasco M. Bowman, C Arlen Beam, James B.

Loken and Clarence Thomas is further established on the grounds that they have

knowingly and willingly both authorized and condoned a Constitutionally inadequate

procedure which has been violative of Plaintiffs' rights to due process and the equal

protection of the laws.

(121)

As the wrongful acts committed by Defendants cited herein, constitute violations of Title 42:1983

and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages

occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the

unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to

violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36)

above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright

and patent properties and continue to injure Plaintiffs in their business in respect to both interstate

and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent

do daily preclude them from realizing the sales and profits which would otherwise accrue to them

as rightful owners.

(122)

Plaintiffs assert that as Defendant s' crimes are readily established pursuant to the pleadings on file

within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court,

the United States Supreme Court and the Seventh District State Court of the State of South

Dakota, and that such crimes have been held by both federal law and the Supreme Court of the

United States to be such as will sustain a cause of action against Defendants under Title 42:1983 -

1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

(123)

Plaintiffs further aver that Defendants Pasco M. Bowman, C Arlen Beam, James B. Loken and

Clarence Thomas are also in violation of Title 42:1986 wherein Defendants were at all times

knowledgeable of the wrongs being done to Plaintiffs, that such wrongs are mentioned in section

1985 of this Title, and having had the power to prevent or aid in  preventing the commission of

the same and having both neglected and refused to do so, Defendants are necessarily liable to

Plaintiffs, the parties injured, for all damages caused by their wrongful acts.

**Thirteenth  Claim**

(124)

Plaintiffs submitting that federal law holds that "an Appellate Court will determine issues of

judicial administration which seriously affect the fairness or reputation of public judicial

proceedings even though such issues may not have been properly presented for review"; that "it is

axiomatic that to deprive a litigant of a fair and impartial hearing is to deny to him the due process

of law and the protection of the laws assuring such due process" and that "errors which affect the

substantial rights of a litigant must be noticed on appeal" complain against Defendants Randall R.

Rader and S Jay Plager and for a thirteenth claim for relief allege that:

(125)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1)

through (123) above and paragraphs (143) through (222) below, of this their complaint, and make

such paragraphs a part hereof .

(126)

58

Plaintiffs aver that Defendants Randall R. Rader and S Jay Plager have combined and conspired with other Defendants under color of law in violation of Title 42:1983 and have caused Plaintiffs, citizens of the United States, to be subjected to the deprivation of rights, privileges and immunities secured to them by the United States Constitution and federal law.

(127)

Said Defendants have conspired with other Defendants and proceeded under color of law and have sought to subject Plaintiffs to the deprivation of rights, privileges, and immunities secured to them by the United States Constitution and the federal laws - that such have been unprivileged acts in violation of Plaintiffs' civil rights - and that liability is clearly established under Title 42:1983. Plaintiffs further submit that as "judicial power, under Article III, extends only to cases *in* courts of record" and that cited Defendants unlawfully deprived Plaintiffs of the protection of the law relative to their absolute right of appeal to the Federal Circuit Appellate by refusing to docket Plaintiffs' actions within said court, the illegal acts committed by Defendants Randall R. Rader and S Jay Plager were necessarily unprivileged acts committed outside their proper jurisdiction. The illegal acts of Defendants cited herein include, but are not limited to, conducting an extra-judicial forum outside the jurisdiction of the Federal Circuit Appellate, under color of law, within which forum only opposing council, Defendant Gene Lebrun, was permitted to be heard - all Plaintiffs' motions and pleadings having gone *unnoticed*.

(128)

As the wrongful acts committed by Defendants cited herein constitute violations of Title 42:1983 and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to

59

violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright and patent properties and continue to injure Plaintiffs in their business in respect to both interstate and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent do daily preclude them from realizing the sales and profits which would otherwise accrue to them as rightful owners.

(129)

Plaintiffs assert that as Defendants' crimes are readily established pursuant to the pleadings on file within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court, the United States Supreme Court and the Seventh District State Court of the State of South Dakota, and that such crimes have been held by both federal law and the Supreme Court of the United States to be such as will sustain a cause of action against Defendants under Title 42:1983 - 1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

**Fourteenth Claim**

(130)

Plaintiffs further complaining against Defendants Randall R. Rader and S Jay Plager and for a fourteenth claim for relief allege:

(131)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1) through (129) above and paragraphs (143) through (222) below, of this their complaint, and make such paragraphs a part hereof .

(132)

Plaintiffs aver that Defendants Randall R. Rader and S Jay Plager have further conspired with

other Defendants in violation of Title 42:1985(2) to deter Plaintiffs by intimidation and threat

from attending a federal court of the United States and from witnessing freely, fully, and truthfully

to matters pending therein.

(133)

Said Defendants have conspired with other Defendants to deter Plaintiffs by intimidation and

threat from attending a federal court and from testifying to matters pending therein freely and fully

wherein cited Defendants were at all times knowledgeable that: (a) Defendants cited in paragraph

(1) above were proceeding under color of a state law in regards to their infringements of

Plaintiffs' copyright and patent; (b) that the Eighth Circuit Appellate lacked all discretion to

consider the merits of Plaintiffs' actions as it had no jurisdiction whatsoever to do so and (c) that

the lower court's judgments were *neither final nor valid*. Defendants Randall R. Rader and S Jay

Plager nevertheless denied Plaintiffs their Constitutionally assured access to the Federal Circuit

Appellate by themselves perpetrating a series of frauds upon their own court - perjuriously

averring that Plaintiffs had no right to the Federal Circuit Appellate because Plaintiffs have *no*

*patent*. Plaintiffs submit that, as was known by cited Defendants as well as to Pro se Plaintiffs

previous to this perjury and fraud, it is not a patent but rather *patent claims* (in combination with

copyright or trademark claims), which assure the jurisdiction of the Federal Circuit Appellate to a

litigant - and Plaintiffs aver that they had previously provided said Defendants with

uncontroverted and incontrovertible evidence that they had such patent claims. Defendants did

further seek to intimidate Plaintiffs from seeking the jurisdiction of the Federal Circuit Appellate

by perjuriously averring that the Eighth Circuit Appellate had jurisdiction of their actions.

Defendants Randall R. Rader and S Jay Plager have further deterred Plaintiffs from witnessing to

matters relevant to their appeals 'fully' wherein they have denied to Plaintiffs the only jurisdiction authorized under federal law to review Plaintiffs' two actions *in their entirety*.

(134)

As the wrongful acts committed by Defendants cited herein constitute violations of Title 42:1983 and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright and patent properties and continue to injure Plaintiffs in their business in respect to both interstate and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent do daily preclude them from realizing the sales and profits which would otherwise accrue to them as rightful owners.

(135)

Plaintiffs assert that as Defendants' crimes are readily established pursuant to the pleadings on file within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court, the United States Supreme Court and the Seventh District State Court of the State of South Dakota, and that such crimes have been held by both federal law and the Supreme Court of the United States to be such as will sustain a cause of action against Defendants under Title 42:1983 - 1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

**Fifteenth Claim**

(136)

62

Plaintiffs further complaining against Defendants Randall R. Rader and S Jay Plager and for a fifteenth claim for relief allege :

(137)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1) through (135) above and paragraphs (143) through (222) below, of this their complaint, and make such paragraphs a part hereof .

(138)

Plaintiffs aver that Defendants Randall R. Rader and S Jay Plager have further conspired with other Defendants in yet further violation of Title 42:1985(2) for the purpose of impeding, hindering, obstructing and defeating, in various manners, the due course of justice with the intent of denying to Plaintiffs, citizens of the United States, due process, the equal protection of the laws, and their right of access to the federal courts for the purpose of attempting to enforce their rights to the equal protection of the laws.

(139)

Said Defendants Randall R. Rader and S Jay Plager have further conspired with other Defendants in violation of Title 42:1985(2) for the purpose of obstructing and defeating the due course of justice with the intent of denying to Plaintiffs due process, the equal protection of the laws and access to a federal court wherein they refused to determine "the issues of judicial administration which seriously affect the fairness or reputation of public judicial proceedings even though such issues *had been properly presented for review"*; denied Plaintiffs a fair and impartial hearing while knowing that "it is axiomatic that to deprive a litigant of a fair and impartial hearing is to deny to him the due process of law and the protection of the laws assuring such due process" and while at all times knowledgeable that Defendants Gene N. Lebrun and Lynn, Jackson, Shultz &

63

Lebrun, P.C. had at no time entered a defense on behalf of their client's position - at any level of the judicial system - but had rather depended upon the intervention of a 'corrupt and interested' judiciary to advance the interests of their clients refused to address the "errors that affected the substantial rights" of Plaintiffs which must "be noticed on appeal".

(140)

As the wrongful acts committed by Defendants cited herein constitute violations of Title 42:1983 and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright and patent properties and continue to injure Plaintiffs in their business in respect to both interstate and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent do daily preclude them from realizing the sales and profits which would otherwise accrue to them as rightful owners.

(141)

Plaintiffs assert that as Defendants' crimes are readily established pursuant to the pleadings on file within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court, the United States Supreme Court and the Seventh District State Court of the State of South Dakota, and that such crimes have been held by both federal law and the Supreme Court of the United States to be such as will sustain a cause of action against Defendants under Title 42:1983 - 1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

(142)

64

Plaintiffs further aver that Defendants Randall R. Rader and S Jay Plager are also in violation of Title 42:1986 wherein Defendants were at all times knowledgeable of the wrongs being done to Plaintiffs, that such wrongs are mentioned in section 1985 of this Title, and having had the power to prevent or aid in  preventing the commission of the same and having both neglected and refused to do so, Defendants are necessarily liable to Plaintiffs, the parties injured, for all damages caused by their wrongful acts.

### Sixteenth Claim

(143)

Plaintiffs submitting that federal law holds that "Supreme Court Justices are subject, as is the average citizen, to liabilities arising in a civil action for the violations of a litigant's Constitutionally assured rights privileges and immunities", complain against Defendants Ruth Bader Ginsburg and Clarence Thomas and for a sixteenth claim for relief allege that:

(144)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1) through (142) above and paragraphs (164) through (222) below, of this their complaint, and make such paragraphs a part hereof .

(145)

Plaintiffs aver that Defendants Ruth Bader Ginsburg and Clarence Thomas have conspired with other Defendants under color of law in violation of Title 42:1983 and have caused Plaintiffs, citizens of the United States, to be subjected to the deprivation of rights, privileges and immunities secured to them by the United States Constitution and federal law.

(146)

65

Said Defendants have conspired with other Defendants and proceeded under color of law and have sought to subject Plaintiffs to the deprivation of rights, privileges, and immunities secured to them by the United States Constitution and the federal laws. Further, that such have been unprivileged acts in violation of Plaintiffs' civil rights and that liability is clearly established under Title 42:1983. Plaintiffs submit that as "judicial power, under Article III, extends only to cases *in courts of record*" and that cited Defendants' unlawful denial to Plaintiffs of the protection of the law relative to their absolute right of appeal to the Federal Circuit Appellate *or the Supreme Court* constitutes an illegal and unprivileged act committed outside their proper jurisdictions in the furtherance of illegality.

(147)

As the wrongful acts committed by Defendants cited herein constitute violations of Title 42:1983 and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright and patent properties and continue to injure Plaintiffs in their business in respect to both interstate and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent do daily preclude them from realizing the sales and profits which would otherwise accrue to them as rightful owners.

(148)

Plaintiffs assert that as Defendants' crimes are readily established pursuant to the pleadings on file within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court,

66

the United States Supreme Court and the Seventh District State Court of the State of South

Dakota, and that such crimes have been held by both federal law and the Supreme Court of the

United States to be such as will sustain a cause of action against Defendants under Title 42:1983 -

1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

### Seventeenth Claim

(149)

Plaintiffs further complaining against Defendants Ruth Bader Ginsburg and Clarence Thomas in

entering a seventeenth claim for relief allege that:

(150)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1)

through (148) above and paragraphs (164) through (222) below, of this their complaint, and make

such paragraphs a part hereof .

(151)

Plaintiffs submit that Defendants Ruth Bader Ginsburg and Clarence Thomas have further

conspired with other Defendants in violation of Title 42:1985(2) to deter Plaintiffs by intimidation

and threat from attending a federal court of the United States and from witnessing freely, fully,

and truthfully to matters pending therein.

(152)

Said Defendants conspired with other Defendants to deter Plaintiffs by intimidation and threat

from attending a federal court and from testifying to matters pending therein freely and fully

wherein each did knowingly and maliciously refuse to order a stay  in the briefing schedule of the

Eighth Circuit Appellant pursuant to Plaintiffs' petition that they do so while at all times

knowledgeable that: (a) Defendants cited in paragraph (1) above were proceeding under color of

67

a state law in regards to their infringements of Plaintiffs' copyright and patent; (b) that the Eighth

Circuit Appellate lacked all discretion to consider the merits of Plaintiffs' actions as it had no

jurisdiction whatsoever to do so and (c) that the lower court's judgments were *neither final nor*

*valid* .

> That by means of their respective refusals and denials Defendants Ruth Bader Ginsburg
>
> and Clarence Thomas sought to induce *Pro se* Plaintiffs to relinquish their legal right to
>
> the jurisdiction of the Federal Circuit Appellate or the Supreme Court, plead to a
>
> fraudulent record within the Eighth Appellate before a prejudiced forum having absolutely
>
> no discretion or jurisdiction to review either of Plaintiffs' two actions or to correct
>
> the abuses of the lower court - concerning judgments which were neither final nor valid!.
>
> Plaintiffs aver that the refusals and denials by Defendants Ruth Bader Ginsburg and
>
> Clarence Thomas of Plaintiffs' petitions for simple fairness and fundamental justice
>
> constitutes a denial of their rights to simple due process and substantive protection
>
> of the laws.

(153)

As the wrongful acts committed by Defendants cited herein constitute violations of Title 42:1983

and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages

occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the

unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to

violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36)

above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright

and patent properties and continue to injure Plaintiffs in their business in respect to both interstate

and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent

68

do daily preclude them from realizing the sales and profits which would otherwise accrue to them as rightful owners.

(154)

Plaintiffs assert that as Defendants' crimes are readily established pursuant to the pleadings on file within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court, the United States Supreme Court and the Seventh District State Court of the State of South Dakota, and that such crimes have been held by both federal law and the Supreme Court of the United States to be such as will sustain a cause of action against Defendants under Title 42:1983 - 1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

**Eighteenth Claim**

(155)

Plaintiffs further complaining against Defendants Ruth Bader Ginsburg and Clarence Thomas and for an eighteenth claim for relief allege :

(156)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1) through (154) above and paragraphs (164) through (222) below, of this their complaint, and make such paragraphs a part hereof .

(157)

Plaintiffs aver that Defendants Ruth Bader Ginsburg and Clarence Thomas have yet further conspired with other Defendants in further violation of Title 42:1985(2) for the purpose of impeding, hindering, obstructing and defeating, in various manners, the due course of justice with the intent of denying to Plaintiffs, citizens of the United States, due process, the equal protection of the laws.

69

(158)

Said Defendants have further conspired with other Defendants for the purpose of obstructing and

defeating, in various manners, the due course of justice with the intent of denying to Plaintiffs due

process, the equal protection of the laws and access to a federal court. Plaintiffs submit that

Defendants and Supreme Court Justices Ruth Bader Ginsburg and Clarence Thomas are most

probably at least as knowledgeable of the federal law as are *Pro se* Plaintiffs and are therefore

knowledgeable that federal law holds that:

(a) "The Supreme Court may review an action on its merits in a case where an appellate

court has improperly exceeded its own jurisdiction" and further that

(b) "The Supreme Court may review an action on its merits in a case where a court of

appeals has improperly declined jurisdiction in the case" and yet further that

(c) *"The act of refusing to accept the review of an action on appeal when there are no*

*other alternative forums for such review* - such as assure to the litigant his

Constitutionally guaranteed rights to an unbiased forum within that jurisdiction previously

established by law to be applicable to his action - *constitutes denial of due process"*.

Plaintiffs further submit that such act also constitutes denial of the protection of the laws

wherein by way of such denial the litigant is further denied his 'absolute right of appeal'

such as is assured to him by the law - and aver that such has been denied to them by

Defendants Ruth Bader Ginsburg and Clarence Thomas.

(159)

Plaintiffs further submit that Defendants Ruth Bader Ginsburg and Clarence Thomas are most

probably knowledgeable of the federal law holding that "even if no one questions the assumption

of jurisdiction by a court of Appeals, if the case *reaches* the Supreme Court (as Plaintiffs' did on

70

Petition for Certiorari), the Supreme Court must determine on its *'own motion'* whether the Court of Appeals improperly assumed jurisdiction it did not possess".

Plaintiffs submit that in acting with the majority of the Supreme Court in its contemptuous refusal to even 'notice' Plaintiffs' motion to the Court that: "in the event of the Court's denial of Plaintiffs' Petition for Rehearing that it enter an order directing the lower court to foreword the records on appeal to that forum within that jurisdiction which this Court shall determine to be consistent with that assured to Plaintiffs/Appellants by the Sixth and Fourteenth Amendments to the United States Constitution" Defendants Ruth Bader Ginsburg and Clarence Thomas have denied Plaintiffs due process of law, the protection of the laws and their 'absolute right of appeal' pursuant to the law.

(160)

Plaintiffs further submit that Defendants Ruth Bader Ginsburg and Clarence Thomas are most probably knowledgeable of the federal law holding that "due process includes the right to submit evidence to the court and have its decision based on such evidence".

Plaintiffs submit that in acting with the majority of the Supreme Court in its contemptuous refusal to even 'notice' Plaintiffs' submissions to the Court of uncontroverted and incontrovertible evidence of the frauds and illegalities of the lower court, the Eighth Circuit Appellate Court and the Federal Circuit Appellate Court and those to the Supreme Court itself - such as denied Plaintiffs both due process and the equal protections of the law - at every stage of the legal process - Defendants Ruth Bader Ginsburg and Clarence Thomas have both authorized and condoned a Constitutionally inadequate process intended to assure the denial to Plaintiffs of their Constitutional rights and to further deprive them of their patent and copyright properties without due process of law.

71

(161)

As the wrongful acts committed by Defendants cited herein constitute violations of Title 42:1983

and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages

occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the

unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to

violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36)

above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright

and patent properties and continue to injure Plaintiffs in their business in respect to both interstate

and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent

do daily preclude them from realizing the sales and profits which would otherwise accrue to them

as rightful owners.

(162)

Plaintiffs assert that as Defendants' crimes are readily established pursuant to the pleadings on file

within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court,

the United States Supreme Court and the Seventh District State Court of the State of South

Dakota, and that such crimes have been held by both federal law and the Supreme Court of the

United States to be such as will sustain a cause of action against Defendants under Title 42:1983 -

1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

(163)

Plaintiffs further aver that Defendants Ruth Bader Ginsburg and Clarence Thomas are also in

violation of Title 42:1986 wherein Defendants were at all times knowledgeable of the wrongs

being done to Plaintiffs, that such wrongs are mentioned in section 1985 of this Title, and having

had the power to prevent or aid in  preventing the commission of the same and having both

72

neglected and refused to do so, Defendants are necessarily liable to Plaintiffs, the parties injured, for all damages caused by their wrongful acts.

### Nineteenth Claim

(164)

Plaintiffs complaining against Defendant Janine M. Kern and for a nineteenth claim for relief allege that:

(165)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1) through (163) above and paragraphs (182) through (222) below, of this their complaint, and make such paragraphs a part hereof.

(166)

Plaintiffs aver that Defendant Janine M. Kern has combined and conspired with other Defendants under color of a state statute in violation of Title 42:1983 and have caused Plaintiffs, citizens of the United States, to be subjected to the deprivation of rights, privileges and immunities secured to them by the United States Constitution and federal law.

(167)

Plaintiffs aver that Defendant Janine M. Kern conspired with other Defendants to proceed under 'color of law' to subject Plaintiffs to the deprivation of rights, privileges, and immunities secured to them by the United States Constitution and the federal laws wherein she has used her position as a state judge to unlawfully perpetrate the interests and purposes of a criminal conspiracy, herself committing perjury and other unlawful acts in furtherance of its schemes and has further obstructed justice by affecting the suppression of the entire record within the clerk of court's office so as to conceal the fact that she has entered an order violative of Plaintiffs' Constitutional

73

rights concerning a matter that was not properly within the jurisdiction of the court in regards to the void judgment of another court.

(168)

As the wrongful acts committed by Defendants cited herein constitute violations of Title 42:1983 and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright and patent properties and continue to injure Plaintiffs in their business in respect to both interstate and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent do daily preclude them from realizing the sales and profits which would otherwise accrue to them as rightful owners.

(169)

Plaintiffs assert that as Defendants' crimes are readily established pursuant to the pleadings on file within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court, the United States Supreme Court and the Seventh District State Court of the State of South Dakota, and that such crimes have been held by both federal law and the Supreme Court of the United States to be such as will sustain a cause of action against Defendants under Title 42:1983 - 1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

74

**Twentieth Claim**

(170)

Plaintiffs further complaining against Defendant Janine M. Kern in entering a twentieth claim for relief allege that:

(171)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1) through (169) above and paragraphs (182) through (222) below, of this their complaint, and make such paragraphs a part hereof.

(172)

Plaintiffs aver that Defendant Janine M. Kern has further conspired with other Defendants in violation of Title 42:1985(2) to deter Plaintiffs by intimidation and threat from attending a federal court of the United States and from witnessing freely, fully, and truthfully to matters pending therein.

(173)

Said Defendant has conspired with other Defendants to deter Plaintiffs by intimidation and threat from attending a federal court and from testifying to matters pending therein freely and fully wherein Defendant Janine M. Kern subsequent to her order directing the suppression of the entire record within the clerk's office and previous to the 'notice and hearing' required by law but never held, entered a further order "that under penalty of sanctions, Plaintiffs' are directed to file no further documents in this action in this court" such order further granting Defendants authorization to proceed with their illegal scheme.

75

(174)

As the wrongful acts committed by Defendants cited herein, constitute violations of Title 42:1983 and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright and patent properties and continue to injure Plaintiffs in their business in respect to both interstate and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent do daily preclude them from realizing the sales and profits which would otherwise accrue to them as rightful owners.

(175)

Plaintiffs assert that as Defendants' crimes are readily established pursuant to the pleadings on file within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court, the United States Supreme Court and the Seventh District State Court of the State of South Dakota, and that such crimes have been held by both federal law and the Supreme Court of the United States to be such as will sustain a cause of action against Defendants under Title 42:1983 - 1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

**Twenty-first Claim**

(176)

Plaintiffs further complaining against Defendant Janine M. Kern in entering a twenty-first claim for relief allege that.

76

(177)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1)

through (175) above and paragraphs (182) through (222) below, of this their complaint, and make

such paragraphs a part hereof.

(178)

Plaintiffs submit that Defendant Janine M. Kern has conspired with other Defendants in yet further

violation of Title 42:1985(2) for the purpose of obstructing and defeating, in various manners, the

due course of justice with the intent of denying to Plaintiffs due process, the equal protection of

the laws, and their further right of access to the federal courts for the purpose of attempting to

enforce their rights to the equal  protection of the laws. Plaintiffs submit that federal law holds

that "due process includes the right to enter evidence and have the court's decision based on such

evidence" and "when a motion is based upon facts not appearing in the record, the court may hear

the matter on affidavits presented by the respective parties".

Plaintiffs submit that upon Defendant Janine M. Kern's realization that Plaintiffs' filings,

where they did not incontrovertibly establish the void nature of the judgments upon which

Defendants were depending in seeking to enforce such judgment, consisted of

uncontroverted and incontrovertible evidences of Defendants Gene N. Lebrun and Lynn,

Jackson, Shultz & Lebrun's frauds and other numerous felonious criminal actions in

regard  to matters relevant to Plaintiffs' federal actions. In order to suppress such evidence

Defendant Janine M. Kern went beyond both opposing council's motion (to strike one of

the pleading) *and her own jurisdiction* by ordering on her own volition the striking of *all*

*of Plaintiffs' pleadings* thereby precluding any possibility of the court's 'notice' of the

illegalities of Defendants Richard Battey and Defendant Janine M. Kern's on the occasion of her own entry of a 'void judgment'.

Subsequent to such suppression of the entire record Defendant Janine M. Kern fraudulently and perjuriously averred that such judgments as she was entering were based "upon a review of the filing" [sic] (note the singular tense of the entire court record) and that she was, by virtue of her review of such single remaining document "fully advised in the premises".

Further, as Defendant Janine M. Kern had *refused to notice* Plaintiffs' previous motion for consideration "of the entire record of the federal court" as being germane to a complete and thorough resolution of those matters which Defendants' attempted enforcement of a void judgment had attempted to bring within the jurisdiction and notice of the court (the law holding that "in determining the validity of a judgment, resort may be made to the entire record, including the pleadings filed in the action"), she at no time considered it her obligation to enter a ruling in regards to such motion.

Wherein Defendant Janine M. Kern has performed criminal acts while at all times outside her proper jurisdiction such as have violated Plaintiffs' Fourteenth Amendment rights, such stating in significant part that "no state shall *enforce any law* which shall abridge the privileges or immunities of citizens of the United States; nor shall any State *deprive any person of . . . property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws*" she is necessarily liable with other Defendants to Plaintiffs pursuant to Title 42:1983-1986 of the Federal Code.

(179)

As the wrongful acts committed by Defendants cited herein constitute violations of Title 42:1983 and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright and patent properties and continue to injure Plaintiffs in their business in respect to both interstate and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent do daily preclude them from realizing the sales and profits which would otherwise accrue to them as rightful owners.

(180)

Plaintiffs assert that as Defendants' crimes are readily established pursuant to the pleadings on file within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court, the United States Supreme Court and the Seventh District State Court of the State of South Dakota, and that such crimes have been held by both federal law and the Supreme Court of the United States to be such as will sustain a cause of action against Defendants under Title 42:1983 - 1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

(181)

Plaintiffs further aver that Defendant Janine M. Kern is also in violation of Title 42:1986 wherein Defendant was at all times knowledgeable of the wrongs being done to Plaintiffs, that such wrongs are mentioned in section 1985 of this Title, and having had the power to prevent or aid in

preventing the commission of the same and having both neglected and refused to do so,

Defendant is necessarily liable to Plaintiffs, the parties injured, for all damages caused by his

wrongful acts.

### Twenty-second Claim

(182)

Plaintiffs, submitting that federal law holds that a "conspiracy . . . also means to interfere with or

obstruct any one of the government's lawful functions by deceit, craft or trickery or any other

means which are dishonest", complain against Defendants Ralph Mecham, Joseph A. Haas,

Jeanna Fairhead and Kathleen Jeffries and for a twenty-second claim for relief allege that:

(183)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1)

through (181) above and paragraphs (203) through (222) below, of this their complaint, and make

such paragraphs a part hereof.

(184)

Plaintiffs aver that Joseph A. Haas, Jeanna Fairhead and Kathleen Jeffries have combined and

conspired with other Defendants under 'color of a law' in violation of Title 42:1983 and have

caused Plaintiffs, citizens of the United States, to be subjected to the deprivation of rights,

privileges and immunities secured to them by the United States Constitution and federal law.

(185)

Said Defendants Joseph A. Haas, Jeanna Fairhead and Kathleen Jeffries conspired with other

Defendants to proceed under 'color of law' to subject Plaintiffs to the deprivation of rights,

privileges, and immunities secured to them by the United States Constitution and the federal laws

in violation of Title 42:1983 wherein they have used their positions as clerk and deputy clerks

within the federal judiciary to perpetrate the interests and purposes of a criminal conspiracy at all times knowing that conspirators were themselves proceeding under color of various state statutes to violate Plaintiffs' Constitutionally assured rights privileges and immunities.

(186)

As the wrongful acts committed by Defendants cited herein constitute violations of Title 42:1983 and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright and patent properties and continue to injure Plaintiffs in their business in respect to both interstate and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent do daily preclude them from realizing the sales and profits which would otherwise accrue to them as rightful owners.

(187)

Plaintiffs assert that as Defendants' crimes are readily established pursuant to the pleadings on file within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court, the United States Supreme Court and the Seventh District State Court of the State of South Dakota, and that such crimes have been held by both federal law and the Supreme Court of the United States to be such as will sustain a cause of action against Defendants under Title 42:1983 - 1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

**Twenty-third Claim**

(188)

Plaintiffs further complaining against Defendants Joseph A. Haas, Jeanna Fairhead and Kathleen

Jeffries in entering a twenty-third claim for relief allege that:

(189)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1)

through (187) above and paragraphs (203) through (222) below, of this their complaint, and make

such paragraphs a part hereof.

(190)

 Plaintiffs aver that Defendants have further conspired with other Defendants in violation of Title

42:1985(2) to deter Plaintiffs by intimidation and threat from attending a federal court of the

United States and from witnessing freely, fully, and truthfully to matters pending therein.

(191)

Plaintiffs aver that Defendants Joseph A. Haas, Jeanna Fairhead and Kathleen Jeffries

conspired to deter them by intimidation and threat from attending a federal court and from

testifying to matters pending therein freely and fully wherein, in order to keep Plaintiffs from the

Federal Circuit  Appellate Court, they did:

    (a) Falsify the court's docket so as to suggest that Plaintiffs'/Appellants' had not filed

    Plaintiffs' Complaint for Declaritory Judgment as to rights with respect to Invention,

    Plaintiffs' motion for Summary Judgment in Declaritory Judgment Action, Plaintiffs'

    Affidavit in Support of Summary Judgment in Declaritory Judgment Action, Plaintiffs'

    Affidavit in Support of Exemplary Damages and Order for Accounting in Declaritory

82

Judgment Action and Plaintiffs' Statement of Material Facts in Support of Summary

Judgment in Declaritory Judgment Action.

(b) Falsify the court's docket so as to suggest that Plaintiffs'/Appellants' filing  on

January 10, 1996 had been entered in support of Plaintiffs' *copyright summary*

*judgment motion* rather then in support of *Plaintiffs' patent summary judgment*

*motion.*

(c) Falsify the court's docket so as to suggest that Plaintiffs'/Appellants' had not

designated that their appeal (in SD95-5024)  should be sent to the United States Court

of Appeals for the Federal Circuit - wherein the Eighth Circuit Appellate Court was not

the court which was named by the appellants in their appeal of the lower court's

judgments pursuant to Rule at 3(d) of the Federal Rules of Appellate Procedure.

(192)

As the wrongful acts committed by Defendants cited herein, constitute violations of Title 42:1983

and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages

occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the

unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to

violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36)

above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright

and patent properties and continue to injure Plaintiffs in their business in respect to both interstate

and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent

do daily preclude them from realizing the sales and profits which would otherwise accrue to them

as rightful owners.

(193)

83

Plaintiffs assert that as Defendants' crimes are readily established pursuant to the pleadings on file

within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court,

the United States Supreme Court and the Seventh District State Court of the State of South

Dakota, and that such crimes have been held by both federal law and the Supreme Court of the

United States to be such as will sustain a cause of action against Defendants under Title 42:1983 -

1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

## Twenty-fourth Claim

### (194)

Plaintiffs further complaining against Defendants Joseph A. Haas, Jeanna Fairhead and Kathleen

Jeffries entering a twenty-fourth claim for relief allege that:

### (195)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1)

through (193) above and paragraphs (203) through (222) below, of this their complaint, and make

such paragraphs a part hereof .

### (196)

Plaintiffs aver that Defendants Joseph A. Haas, Jeanna Fairhead and Kathleen Jeffries

have further conspired with other Defendants in further violation of Title 42:1985(2) for the

purpose of impeding, hindering, obstructing and defeating, in various manners, the due course of

justice with the intent of denying to Plaintiffs, citizens of the United States, due process, the equal

protection of the laws, and their right of access to the federal courts for the purpose of attempting

to enforce their rights to the equal  protection of the laws.

(197)

Defendants Joseph A. Haas, Jeanna Fairhead and Kathleen Jeffries have conspired with other

Defendants in further violation of Title 42:1985(2) for the purpose of obstructing and defeating,

in various manners, the due course of justice with the intent of denying to Plaintiffs due process,

the equal protection of the laws and access to a federal court and that Defendants' crimes are

clearly evidenced in the record wherein said Defendants prepared a fraudulent transcript of

proceedings in the case, such transcript to be used in the hearing on appeal, this record was both

certified and transmitted to the Eighth Circuit Appellate by said Defendants who did at all times

know such transcript to be fraudulent.

(198)

Defendants Joseph A. Haas, Jeanna Fairhead and Kathleen Jeffries, under similar oaths to "truly

and faithfully enter and record all proceedings of the court" and to "faithfully and impartially

discharge all duties (of their respective) offices to the best of their abilities and understanding" did

not "truly and faithfully enter and record all proceedings of the court" nor "faithfully and

impartially discharge all duties of (their respective) offices to the best of their abilities and

understanding", but rather directed their efforts to the furtherance of the purposes of a criminal

conspiracy. Plaintiffs submit that among the various other means by which Defendants Joseph A.

Haas, Jeanna Fairhead and Kathleen Jeffries have sought to obstruct and defeat the due course of

justice in federal district court intending thereby to deny Plaintiffs due process and the protections

of the law included, but were not limited to, the following:

     (a) Falsifying the court's docket so as to suggest that Plaintiffs'/Appellants' had not filed a

     motion for an extension in which to serve fugitive Defendant Eric Rodwell with the

district court on July 19, 1995, a Defendant who was even then - previous to his later assault upon a process server and flight from the United States to avoid prosecution and also previous to his ultimate default - guilty of flight to avoid prosecution in regards to copyright infringement.

(b) Falsifying the court's docket so as to suggest that Plaintiffs/Appellants had not filed with the district court on January 10, 1996 Plaintiffs' motion calling to the court's attention the fact that all Defendants were admitted to all of Plaintiffs' averments as of November 30, 1995.

(c) Falsifying the court's docket so as to suggest that Plaintiffs'/Appellants' filings were submitted *in support of Defendants' motions and pleadings !*

(d) Falsifying the court's docket so as to suggest that Plaintiffs/Appellants pleadings 'in response' to Defendants' pleadings had actually occurred 'previous to the pleadings themselves'.

(e) Falsifying the court's docket so as to suggest that Plaintiffs/Appellants had not affected service on Denis Howard on October 18, 1995.

(f) Falsifying the court's docket so as to suggest that Plaintiffs/Appellants had not filed a supplemental pleading with the court on November 30, 1995.

(g) Falsifying the court's docket so as to suggest that Plaintiffs/Appellants had not appealed all of Defendant Battey's opinions and judgments - but had only appealed one of them.

(h) Refusing to enter any of the defaults, filed with the court by Plaintiffs in both of Plaintiffs' actions SD95-5024 and SD96-5014, such defaults constituting the admissions

86

of said Defendants and further constituting Prima facie evidence sufficient to grant

Plaintiffs the judgments they were entitled to.

(i) Refusing to submit these stipulations and other later filings which had been entered

subsequent to the transfer of the record on appeal to the appeals court to the clerk of the

court of appeal's office pursuant to Rule 3(d) of the FRAP.

(j) . . . and routinely certifying and transmitting the records of the lower court to the

Eighth Circuit Court of Appeals - knowing the same to be perjured.

(Special note: At no time has council for Defendants found it necessary to file a stipulation for

correction to the record and so, by proper inference, all such incidents as are cited above must

necessarily be considered to be intentional falsifications intended to prejudice Plaintiffs' position

before the Appellate Court.)

(199)

Plaintiffs, further complaining against Defendants Ralph Mecham and Joseph A. Haas, submit

that the federal law holds that "it is not for the courts to hold inapplicable the demand

requirements of the Federal Rules of Civil procedure where congress has not done so" and further

aver  that Defendant Ralph Mecham and Defendant Joseph A. Haas were under oath to "supervise

all administrative matters relating to the offices of clerks and other clerical and administrative

personnel of the federal courts". Defendant Ralph Mecham being further obligated pursuant to

this same oath to "examine the state of the dockets of the circuit courts" did:

(a) . . . notice the court's fraudulent conversion of three non-existent motions into one for

summary judgment on behalf of Defendants in violation of both Rule 1, Rule 12 and Rule

56 of the Federal Rules of Civil Procedure.

(b) . . . notice Plaintiffs' entry of defaults against all Defendants in both of Plaintiffs' actions SD95-5024 and SD96-5014 and Defendants' refusal to enter such defaults despite the fact that at no time (in either of Plaintiffs' actions) did opposing council, Defendants Gene N. Lebrun and Lynn, Jackson, Shultz & Lebrun, enter or attempt to enter either evidence or pleadings establishing "good cause shown" on behalf of their clients for such defaults. Plaintiffs submit that Defendant Ralph Mecham did know that Defendant Richard Battey was in criminal violation of Rules 1, Rule 54 and 56 of the Federal Rules of Civil Procedure.

(c) . . . notice Defendant Richard Battey's entry of judgments in favor of Defendants who had not only failed to enter any defense but had also failed to deny or controvert any of Plaintiffs' averments relative thereto as required by Rule 56 of the FRCP.

(d) . . . notice that it was plain upon the face of the record that Defendant Richard Battey's judgments in these copyright and patent cases had been entered without either a review of the works themselves or the notice and hearing required by federal law in such cases. Plaintiffs submit that both Defendants Ralph Mecham and Joseph A. Haas did know that Defendant Richard Battey was in criminal violation of both the Rules of Federal Rules of Civil Procedure and federal law.

(e) . . . know of Defendant Battey's illegal orders precluding Pro se Plaintiffs from appearing and pleading before a federal district court within which their two actions are still pending.

(f) . . . decline to 'blow the whistle' on criminal conspirators as such would have also implicated themselves as co-conspirators.

(200)

As the wrongful acts committed by Defendants cited herein constitute violations of Title 42:1983 and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright and patent properties and continue to injure Plaintiffs in their business in respect to both interstate and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent do daily preclude them from realizing the sales and profits which would otherwise accrue to them as rightful owners.

(201)

Plaintiffs assert that as Defendants' crimes are readily established pursuant to the pleadings on file within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court, the United States Supreme Court and the Seventh District State Court of the State of South Dakota, and that such crimes have been held by both federal law and the Supreme Court of the United States to be such as will sustain a cause of action against Defendants under Title 42:1983 - 1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

(202)

Plaintiffs further aver that Defendants Ralph Mecham, Joseph A. Haas, Jeanna Fairhead and Kathleen Jeffries are also in violation of Title 42:1986 wherein Defendants were at all times knowledgeable of the wrongs being done to Plaintiffs, that such wrongs are mentioned in section

89

1985 of this Title, and having had the power to prevent or aid in preventing the commission of the same and having both neglected and refused to do so, Defendants are necessarily liable to Plaintiffs, the parties injured, for all damages caused by their wrongful acts.

### Twenty-fifth Claim

(203)

Plaintiffs submit that federal law holds that "Liability is established where evidence shows defendant knowingly misled litigant about the propriety of the rules and law which he averred to apply, falsely suggesting that he was authorized to proceed as he did". Further, "where a Constitutionally inadequate procedure is authorized or condoned, liability arises if it operates to deprive one of life, liberty, or property regardless of whether or not the official intends the deprivation of due process of law" Plaintiffs complain against Defendants Karen Schireirer and Peggy Little and for a twenty-fifth claim for relief allege that:

(204)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1) through (202) above, of this their complaint, and make such paragraphs a part hereof.

(205)

Plaintiffs aver that Defendants Karen Schireirer and Peggy Little have combined and conspired with other Defendants 'under color of law' in violation of Title 42:1983 and have caused Plaintiffs, citizens of the United States, to be subjected to the deprivation of rights, privileges and immunities secured to them by the United States Constitution and federal law.

(206)

Defendants Karen Schireirer and Peggy Little have conspired with other Defendants to subject Plaintiffs to the deprivation of rights, privileges, and immunities secured to them by the United

90

States Constitution and the federal laws wherein they have acted under 'color of law' in abusing

their positions as United States Attorney and Assistant United States Attorney by knowingly

acting to further the purposes of a criminal conspiracy and committing perjury in furtherance of

the purposes of said conspiracy.

(207)

As the wrongful acts committed by Defendants cited herein constitute violations of Title 42:1983

and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages

occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the

unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to

violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36)

above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright

and patent properties and continue to injure Plaintiffs in their business in respect to both interstate

and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent

do daily preclude them from realizing the sales and profits which would otherwise accrue to them

as rightful owners.

(208)

Plaintiffs assert that as Defendants' crimes are readily established pursuant to the pleadings on file

within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court,

the United States Supreme Court and the Seventh District State Court of the State of South

Dakota, and that such crimes have been held by both federal law and the Supreme Court of the

United States to be such as will sustain a cause of action against Defendants under Title 42:1983 -

1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

## Twenty-sixth  Claim

### (209)

Plaintiffs further complain against Defendants Karen Schireirer and Peggy Little in entering a twenty-sixth claim for relief allege:

### (210)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1) through (208) above, of this their complaint, and make such paragraphs a part hereof .

### (211)

Plaintiffs aver that Defendants Karen Schireirer and Peggy Little have further conspired with other Defendants in violation of Title 42:1985(2) to deter Plaintiffs by intimidation and threat from attending a federal court of the United States and from witnessing freely, fully, and truthfully to matters pending therein.

### (212)

Karen Schireirer and Peggy Little have conspired with other Defendants to deter them from attending a federal court and from testifying to matters pending therein freely and fully wherein Defendants Karen Schireirer and Peggy circulated information to the effect that "Plaintiffs' action(s) will not be considered on criminal grounds by the office of the U S Attorney *regardless of their merits"*. Wherein two large law firms within the Rapid City area had expressed interest in representing Plaintiffs in Plaintiffs' "excellent cause of action" previous to the dissemination  of this information by Defendants Karen Schireirer and Peggy Little, and as neither firm would return Plaintiffs' phone calls subsequent thereto nor submit to previously scheduled appointments, Plaintiffs aver that such unlawful action by Defendants Karen Schireirer and Peggy Little did

preclude Plaintiffs from obtaining other legal council subsequent to Defendant Richard Battey's unlawful release of Plaintiffs' previous council and that such malicious act was intended to keep Plaintiffs from attending a federal court and that such is in violation of Plaintiffs' civil rights.

(213)

Plaintiffs aver that Defendants Karen Schireirer and Peggy Little have further sought by deceit and trickery to deny Plaintiffs access to the courts wherein Defendants Karen Schireirer and Peggy Little, acting in furtherance of the admitted criminal conspiracy, did themselves conspire with the office of the Federal Bureau of Investigation devising a scheme intended to frustrate Plaintiffs' attempts to bring the Defendants cited in paragraph (1) above before such court. Defendants Karen Schireirer and Peggy Little instructed the Federal Bureau of Investigation to inform Plaintiffs that they do not consider any case not previously referred to them by the Office of the United States Attorney; Defendants Karen Schireirer and Peggy Little themselves informed Plaintiffs that the Office of the United States Attorney does not consider any case not previously referred to them by the Federal Bureau of Investigation. Upon being challenged by Plaintiffs regarding the illegality of this cynical and deceptive ruse, which did effectively keep Plaintiffs from bringing to the attention of the justice department matters which they have an obligation to address, Defendant Karen Schireirer informed Plaintiffs that "we are not going to *explain our methods* to anyone".

(214)

As the wrongful acts committed by Defendants cited herein constitute violations of Title 42:1983 and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to

violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36)
above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright
and patent properties and continue to injure Plaintiffs in their business in respect to both interstate
and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent
do daily preclude them from realizing the sales and profits which would otherwise accrue to them
as rightful owners.

(215)

Plaintiffs assert that as Defendants' crimes are readily established pursuant to the pleadings on file
within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court,
the United States Supreme Court and the Seventh District State Court of the State of South
Dakota, and that such crimes have been held by both federal law and the Supreme Court of the
United States to be such as will sustain a cause of action against Defendants under Title 42:1983 -
1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

**Twenty-seventh Claim**

(216)

Plaintiffs further complaining against Defendants Karen Schireirer and Peggy Little in entering a
twenty-seventh claim for relief allege that :

(217)

Pursuant to federal law as cited in paragraph (50) above, Plaintiffs incorporate paragraphs (1)
through (215) above, of this their complaint, and make such paragraphs a part hereof.

(218)

Plaintiffs submit that Defendants Karen Schireirer and Peggy Little have further conspired with
other Defendants in further violation of Title 42:1985(2) for the purpose of impeding, hindering,

94

obstructing and defeating, in various manners, the due course of justice with the intent of denying to Plaintiffs, citizens of the United States, due process ,the equal protection of the laws, and their right of access to the federal courts for the purpose of attempting to enforce their rights to the equal protection of the laws.

(219)

Plaintiffs aver that Defendants Karen Schireirer and Peggy Little have further conspired together with other Defendants in violation of Title 42:1985(2) for the purpose of impeding, hindering, obstructing and defeating, in various manners, the due course of justice with the intent of denying to Plaintiffs, citizens of the United States, due process, the equal protection of the laws and access to a federal court wherein Defendants Karen Schireirer and Peggy Little while at all times knowing that Defendants cited in paragraph (1) above were previously admitted to violation of and conspiracy to violate Title 15:02, 18, 1125 (trademark infringement), 01, 08, 03; Title 17 (copyright infringement); Title 18:2314, 2315, 1341, 1343, 1952, 1957, 1956, 1503, 1512; Title 35 (patent infringement) and Title 42:1983 and 1985 of the Federal Code in both of Plaintiffs' actions SD95-5024 and SD96-5014 and that Defendant Battey had nevertheless entered judgments in favor of Defendants in both such actions Defendant Karen Schireirer, upon being petitioned by Plaintiffs to investigate these and other criminal matters informed Plaintiffs that 'unless Plaintiffs could provide *evidence* that Defendant Richard Battey had taken money in exchange for his criminal acts in furtherance of the conspiracy she was under no obligation to either consider or investigate the wrongs being done to Plaintiffs. Plaintiffs submit that the Supreme Court of the United States *has held the very opposite to be the law* and that "where an official knowingly misled a party in regard to the propriety of the rules and law which said official

averred to apply, falsely suggesting that he was authorized to so proceed such official is guilty of obstruction of justice".

(220)

As the wrongful acts committed by Defendants cited herein constitute violations of Title 42:1983 and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright and patent properties and continue to injure Plaintiffs in their business in respect to both interstate and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent do daily preclude them from realizing the sales and profits which would otherwise accrue to them as rightful owners.

(221)

Plaintiffs assert that as Defendants' crimes are readily established pursuant to the pleadings on file within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court, the United States Supreme Court and the Seventh District State Court of the State of South Dakota, and that such crimes have been held by both federal law and the Supreme Court of the United States to be such as will sustain a cause of action against Defendants under Title 42:1983 - 1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

(222)

Plaintiffs further aver that Defendants Karen Schireirer and Peggy Little are also in violation of Title 42:1986 wherein Defendants were at all times knowledgeable of the wrongs being done to

Plaintiffs, that such wrongs are mentioned in section 1985 of this Title, and having had the power

to prevent or aid in preventing the commission of the same and having both neglected and

refused to do so, Defendants are necessarily liable to Plaintiffs, the parties injured, for all damages

caused by their wrongful acts.

### Twenty-eighth Claim

(223)

Plaintiffs submitting that Title 42:1986 of the federal code states in significant part that "every

person who, having knowledge that any of the wrongs conspired to be done, and mentioned in

section 1985 of this title, are about to be committed, and having power to prevent or aid in

preventing the commission of the same, either neglects or refuses so to do, shall be liable to the

party injured for all damages caused by such wrongful act of neglect and refusal should the

wrongful acts be committed, which such person by reasonable diligence could have prevented"

complain against Defendant Jeffery N Barr and for twenty-eighth claim for relief allege that:

(224)

Plaintiffs complaining against Defendant Jeffery N Barr incorporate Paragraphs (1) through (222)

above, of this their complaint, and make such paragraphs a part hereof.

(225)

Plaintiffs aver that cited Defendant did have knowledge that Defendants cited in paragraph (1)

above were unlawfully proceeding under color of a state statute and were subjecting Plaintiffs to

the deprivation of rights, privileges and immunities secured to Plaintiffs by the United States

Constitution and federal laws in violation of Title 42:1983. Defendant knew of these matters

wherein he knew that said Defendants were 'admitted' to having done so.

97

(226)

Plaintiffs further aver that Defendant did have knowledge that Defendants cited in paragraph (1)

above were conspiring with other Defendants to deter Plaintiffs by intimidation and threat from

attending a federal court and from  testifying freely, fully, and truthfully to matters pending therein

in violation of Title  42:1985(2). Defendant knew of these matters wherein he knew said

Defendants were 'admitted' to having done so.

(227)

Plaintiffs yet further aver that cited Defendant did have knowledge that Defendants cited in

paragraph (1) above were conspiring with other Defendants in further violation of Title

42:1985(2) for the purpose  of impeding, hindering, obstructing and defeating, in various

manners, the due course of justice with intent to deny to Plaintiffs due process, the equal

protection of the laws and to injure Plaintiffs in their persons and property for having lawfully

attempted to  enforce their right of access to the courts. Defendant knew of these matters wherein

he knew said Defendants were 'admitted' to having done so. Further, Defendant also knew of:

> (a) Defendant Battey's entry of void and fraudulent judgments against Pro se Plaintiffs in
>
> reference to Plaintiffs' copyright and patent claims previous to either a review of the
>
> contested materials themselves or the notice and hearing required before property interests
>
> are disturbed.
>
> (b) Further, that the docket on appeal was fraudulently altered so as to affect the
>
> misdirection of Plaintiffs' appeal to the Appellate Court of the Eighth Circuit in
>
> violation of Plaintiffs' Sixth and Fourteenth Amendment rights to the jurisdiction
>
> previously established by law to be applicable to their appeal.

(c) That these and other acts committed by Defendants cited in paragraph (1) above were in violation of Plaintiffs' Fifth, Sixth, and Fourteenth Amendment rights as well as numerous other privileges and immunities assured to Plaintiffs by the Constitution of the United States and federal law.

(228)

Plaintiffs submit that the sources of Defendant's knowledge included but were most probably not limited to:

(a) Plaintiffs' submissions to him of over one hundred pages of uncontroverted and incontrovertible court records in support of their allegations establishing both the existence and nature of the wrong and the guilt and liability of the wrongdoer.

(b) the Office of the President of the United States, whose Chief of Staff, Leon E. Panetta, did also receive the uncontroverted and incontrovertible information submitted to him by Plaintiffs establishing both the admitted conspiracy of Defendants and the wrongs being done to Plaintiffs by those conspiring with them - Leon E. Panetta's receipt of these materials having been subsequently acknowledged.

(c) the Office of the Federal Bureau of Investigation (both its local office in Rapid City, South Dakota and its regional office in Minneapolis, Minnesota) which offices did similarly both receive and acknowledge receipt of uncontroverted and incontrovertible information establishing both the admitted conspiracy of Defendants and the wrongs being done to Plaintiffs by those conspiring with them.

(d) the Office of the United States Attorney for the District of South Dakota (both its local office in Rapid City, South Dakota and its state office in Sioux Falls, South Dakota which offices did similarly both receive and acknowledge receipt of the uncontroverted

99

and incontrovertible information establishing both the admitted conspiracy of Defendants

and the wrongs being done to Plaintiffs by those conspiring  with them.

(e) the individual members of the Judicial Committees of the United States Congress (both

that of the House of Representatives and that of the Senate) all of whose individual

members did similarly receive, some having acknowledged receipt of, the uncontroverted

and incontrovertible information provided to them by Plaintiffs establishing both the

admitted conspiracy of Defendants and the wrongs being done to Plaintiffs by those

conspiring with them and

(f) those individual federal judges constituting the entire federal bench of the United

States  Federal Court, District of South Dakota, Western Division, all of whom did

similarly receive uncontroverted and incontrovertible information provided to them

by Plaintiffs establishing both the admitted conspiracy of Defendants and the wrongs

being done to Plaintiffs by those conspiring with them, such last as does include Chief

Judge for the District of South Dakota Defendant Richard Battey.

(g) the unsolicited dissemination by other members of Congress (not associated with the

Judicial Committees of Congress) of information regarding  these matters which had come

into their possession.

(229)

Plaintiffs submit that Defendant Jeffery N Barr did  have knowledge of the wrongs sought to be

done against  Plaintiffs by conspiring Defendants, such as are mentioned in section 1985 of this

Title and further that such acts were actually being committed. Further, Defendant Jeffery N Barr

having had both the power and obligation to prevent or aid in  preventing the commission of these

acts, did both neglect and refuse to do so. Wherein these wrongful acts have resulted in damages

to Plaintiffs' persons and property, Defendant Jeffery N Barr is necessarily liable to Plaintiffs, the parties injured, for such damages as have been caused by such wrongful act, which Defendant Jeffery N Barr, by reasonable diligence and adherence to his oath of office, could have prevented.

(230)

As the wrongful acts committed by Defendants cited herein constitute violations of Title 42:1983 and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright and patent properties and continue to injure Plaintiffs in their business in respect to both interstate and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent do daily preclude them from realizing the sales and profits which would otherwise accrue to them as rightful owners.

(231)

Plaintiffs assert that as Defendant's crimes are readily established pursuant to the pleadings on file within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court, the United States Supreme Court and the Seventh District State Court of the State of South Dakota, and that such crimes have been held by both federal law and the Supreme Court of the United States to be such as will sustain a cause of action against Defendant under Title 42:1983 - 1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

### Twenty-ninth Claim

(232)

Plaintiffs complaining against Defendants Roger Wheeler and James Graf incorporate Paragraphs (1) through (222) above, of this their complaint, and make such paragraphs a part hereof and in entering their twenty-ninth claim for relief allege :

(233)

Plaintiffs aver that cited Defendants did have knowledge that Defendants cited in paragraph (1) above were unlawfully proceeding under color of a state statute and were subjecting Plaintiffs to the deprivation of rights, privileges and immunities secured to Plaintiffs by the United States Constitution and federal laws in violation of Title 42:1983. Defendants knew of these matters wherein they knew that said Defendants were 'admitted' to having done so.

(234)

Plaintiffs further aver that Defendants did have knowledge that Defendants cited in paragraph (1) above were conspiring with other Defendants to deter Plaintiffs by intimidation and threat from attending a federal court and from testifying freely, fully, and truthfully to matters pending therein in violation of Title 42:1985(2). Defendants knew of these matters wherein they knew that said Defendants were 'admitted' to having done so.

(235)

Plaintiffs yet further aver that cited Defendants did have knowledge that Defendants cited in paragraph (1) above were conspiring with other Defendants in further violation of Title 42:1985(2) for the purpose of impeding, hindering, obstructing and defeating, in various manners, the due course of justice with intent to deny to Plaintiffs due process, the equal

102

protection of the laws and to injure Plaintiffs in their persons and property for having lawfully attempted to enforce their right of access to the courts. Defendants knew of these matters wherein they knew said Defendants were 'admitted' to having done so. Further, Defendants also knew of:

> (a) Defendant Battey's entry of void and fraudulent judgments against Pro se Plaintiffs in reference to Plaintiffs' copyright and patent claims previous to either a review of the contested materials themselves or the notice and hearing required before property interests are disturbed.

> (b) Further, that the docket on appeal was fraudulently altered so as to affect the misdirection of Plaintiffs' appeal to the Appellate Court of the Eighth Circuit in violation of Plaintiffs' Sixth and Fourteenth Amendment rights to the jurisdiction previously established by law to be applicable to their appeal.

> (c) That these and other acts committed by Defendants cited in paragraph (1) above were in violation of Plaintiffs' Fifth, Sixth, and Fourteenth Amendment rights as well as numerous other privileges and immunities assured to Plaintiffs by the Constitution of the United States and federal law.

(236)

Plaintiffs submit that the sources of Defendants' knowledge included, but were most probably not limited to, those cited in paragraph (235) above at (a), (b), (d), (e), (f), and (g) together with that of Defendant Jeffery N Barr and the United States Justice Department itself.

(237)

Plaintiffs aver that Defendants Roger Wheeler and James Graf did have knowledge of the wrongs sought to be done against Plaintiffs by conspiring Defendants, such as are mentioned in section

103

1985 of this Title and further that such acts were actually being committed Further, that

Defendants Roger Wheeler and James Graf had both the power and obligation to prevent or aid

in preventing the commission of these acts, did both neglect and refuse to do so. Wherein these

wrongful acts have resulted in damages to Plaintiffs' persons and property, Defendants Roger

Wheeler and James Graf are necessarily liable to Plaintiffs, the parties injured, for such damages

as have been caused by such wrongful act, which Defendants Roger Wheeler and James Graf by

reasonable diligence and adherence to their respective oaths of office could have prevented.

Plaintiffs also aver that Defendant James Graf is in probable further violation of Title

42:1985(2) wherein Defendant James Graf has sought to dissuade Pro se Plaintiffs from

pursuing their several causes of action under Title 42 by averring that Title 18:241/242

and Title 42:1983/1985 both require, as a requisite element to bringing an action, that a

party have been the victim of police brutality (i.e. 'color of law').

Plaintiffs further aver that Defendant James Graf has most probably conspired with

other Defendants to deter Plaintiffs by intimidation and threat from attending federal

court and from testifying to matters pending therein, freely, fully, and truthfully

wherein Defendant James Graf has characterized Plaintiffs' allegations and claims as

contained herein as "border line libel", thereby intimating that should Plaintiffs persist in

their attempts to enforce their rights to the equal protection of the laws and access

to the federal courts cited Defendants would themselves have a cause of action against

them.

(238)

As the wrongful acts committed by Defendants cited herein constitute violations of Title 42:1983

and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages

occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the

unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to

violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36)

above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright

and patent properties and continue to injure Plaintiffs in their business in respect to both interstate

and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent

do daily preclude them from realizing the sales and profits which would otherwise accrue to them

as rightful owners.

(239)

Plaintiffs assert that as Defendants' crimes are readily established pursuant to the pleadings on file

within the district court, the Eighth Circuit Appellate Court, the Federal Circuit Appellate Court,

the United States Supreme Court and the Seventh District State Court of the State of South

Dakota, and that such crimes have been held by both federal law and the Supreme Court of the

United States to be such as will sustain a cause of action against Defendants under Title 42:1983 -

1986, there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

**Thirtieth Claim**

(240)

Plaintiffs complaining against Defendants Tim Johnson and Larry Pressler incorporate Paragraphs

(1) through (222) above, of this their complaint, and make such paragraphs a part hereof and in

entering their thirtieth claim for relief allege :

(241)

Plaintiffs aver that cited Defendants did have knowledge that Defendants cited in paragraph (1)

above were unlawfully proceeding under color of a state statute and were subjecting Plaintiffs to

105

the deprivation of rights, privileges and immunities secured to Plaintiffs by the United States Constitution and federal laws in violation of Title 42:1983. Defendants knew of these matters wherein they knew that said Defendants were 'admitted' to having done so.

(242)

Plaintiffs further aver that Defendants did have knowledge that Defendants cited in paragraph (1) above were conspiring with other Defendants to deter Plaintiffs by intimidation and threat from attending a federal court and from testifying freely, fully, and truthfully to matters pending therein in violation of Title 42:1985(2). Defendants knew of these matters wherein they knew said Defendants were 'admitted' to having done so.

(243)

Plaintiffs yet further aver that cited Defendants did have knowledge that Defendants cited in paragraph (1) above were conspiring with other Defendants in further violation of Title 42:1985(2) for the purpose of impeding, hindering, obstructing and defeating, in various manners, the due course of justice with intent to deny to Plaintiffs due process, the equal protection of the laws and to injure Plaintiffs in their persons and property for having lawfully attempted to enforce their right of access to the courts. Defendants knew of these matters wherein they knew said Defendants were 'admitted' to having done so. Further, Defendants also knew of:

（a) Defendant Battey's entry of void and fraudulent judgments against Pro se Plaintiffs in reference to Plaintiffs' copyright and patent claims previous to either a review of the contested materials themselves or the notice and hearing required before property interests are disturbed.

(b) Further, that the docket on appeal was fraudulently altered so as to affect the

misdirection of Plaintiffs' appeal to the Appellate Court of the Eighth Circuit in

violation of Plaintiffs' Sixth and Fourteenth Amendment rights to the jurisdiction

previously established by law to be applicable to their appeal.

(c) That these and other acts committed by Defendants cited in paragraph (1) above were

in violation of Plaintiffs' numerous privileges and immunities together with their Fifth,

Sixth, and Fourteenth Amendment rights all assured to Plaintiffs by the Constitution of

the United States and federal law.

(244)

Plaintiffs submit that the sources of Defendants' knowledge included, but were most probably not

limited to, those cited in paragraph (235) above together with that of the other Defendant party -

who was under a similar oath pursuant to both the state bar of South Dakota and federal law (as

cited at paragraph (35) above) to bring the unlawful acts of Defendant Richard Battey to the

proper authorities.

(245)

Plaintiffs submit that wherein Defendants Tim Johnson and Larry Pressler did  have knowledge of

the wrongs sought to be done against  Plaintiffs by conspiring Defendants, such as are mentioned

in section 1985 of this Title and further that such acts were actually being committed. Further,

that Defendants Tim Johnson and Larry Pressler, having had both the power and obligation to

prevent or aid in  preventing the commission of these acts, did both neglect and refuse to do so.

Wherein these wrongful acts have resulted in damages to Plaintiffs' persons and property,

Defendants Tim Johnson and Larry Pressler are necessarily liable to Plaintiffs, the parties injured,

107

for such damages as have been caused by such wrongful act, which Defendants Tim Johnson and Larry Pressler by reasonable diligence and adherence to their oath of office could have prevented.

(246)

As the wrongful acts committed by Defendants cited herein constitute violations of Title 42:1983 and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright and patent properties and continue to injure Plaintiffs in their business in respect to both interstate and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent do daily preclude them from realizing the sales and profits which would otherwise accrue to them as rightful owners.

(247)

Plaintiffs assert that as the crimes of Defendants Tim Johnson and Larry Pressler are herein established and that such crimes have been held by both the United States Supreme Court and the Federal Code to be such as will sustain a cause of action against him under Title 42:1983 -1986 there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

**Thirty-first Claim**

(248)

Plaintiffs complaining against Defendants Spencer Abraham, Joseph Biden, Mike De Wine, Russel Feingold, Orrin Hatch, Edward Kennedy, Jon Kyl, Patrick Leahy, Arlen Specter, Fred Thomson, Strom Thurmond, Dianne Feinstein, Charles Grassley, Herb Kohl, Hank Brown, Howell Heflin,

Alan K. Simpson, Paul Simon, Bob Barr, Howard L Berman, Rick Boucher, Ed Bryant, Steve Buyer, Charles T. Canady, Steve Chabot, Howard Coble, John Jr. Conyers, Barny Frank, George W. Gekas, Robert W. Goodlatte, Henry J. Hyde, Bob Inglis, Sheila Jackson Lee, Zoe Lofgren, Bill Mc Collum, Jerrold Nadler, Steven H. Schiff, Charles E. Schumer, Robert C. Scott, F. James Jr. Sensenbrenner, Lamar S. Smith, Melvin Watt, Sonny Bono, Elton Gallegly, Xavier Becerra, John Bryant, Michael Flanagan, Martin Hoke, Carlos J. Moorehead, Jack Reed, Patricia Schroeder, Fredrick Heineman, Jose E. Serrano, Lawrence L. Piersol, Charles B. Kommann, Andrew W. Bogue, and John B. Jones (past and present Senators and Congressmen who are also past or present members of either of the Judicial Committees of the two houses of Congress) incorporate paragraphs (1) through (222) above, of this their complaint, and make such paragraphs a part hereof and in entering their thirty-first claim for relief allege :

(249)

Plaintiffs aver that cited Defendants did have knowledge that Defendants cited in paragraph (1) above were unlawfully proceeding under color of a state statute and were subjecting Plaintiffs to the deprivation of rights, privileges and immunities secured to Plaintiffs by the United States Constitution and federal laws in violation of Title 42:1983. Defendants knew of these matters wherein they knew that said Defendants were 'admitted' to having done so.

(250)

Plaintiffs further aver that Defendants did have knowledge that Defendants cited in paragraph (1) above were conspiring with other Defendants to deter Plaintiffs by intimidation and threat from attending a federal court and from testifying freely, fully, and truthfully to matters pending therein in violation of Title 42:1985(2). Defendants knew of these matters wherein they knew said Defendants were 'admitted' to having done so.

109

(251)

Plaintiffs yet further aver that cited Defendants did have knowledge that Defendants cited in

paragraph (1) above were conspiring with other Defendants in further violation of Title

42:1985(2) for the purpose of impeding, hindering, obstructing and defeating, in various

manners, the due course of justice with intent to deny to Plaintiffs due process, the equal

protection of the laws and to injure Plaintiffs in their persons and property for having lawfully

attempted to enforce their right of access to the courts. Defendants knew of these matters

wherein they knew said Defendants were 'admitted' to having done so. Further, Defendants also

knew of:

  (a) Defendant Battey's entry of void and fraudulent judgments against Pro se Plaintiffs in

  reference to Plaintiffs' copyright and patent claims previous to either a review of the

  contested materials themselves or the notice and hearing required before property interests

  are disturbed.

  (b) Further, that the docket on appeal was fraudulently altered so as to affect the

  misdirection of Plaintiffs' appeal to the Appellate Court of the Eighth Circuit in

  violation of Plaintiffs' Sixth and Fourteenth Amendment rights to the jurisdiction

  previously established by law to be applicable to their appeal.

  (c) That these and other acts committed by Defendants cited in paragraph (1) above were

  in violation of Plaintiffs numerous privileges and immunities together with their Fifth,

  Sixth, and Fourteenth Amendment rights all assured to Plaintiffs by the Constitution of

  the United States and federal law.

(252)

110

Plaintiffs submit that the sources of Defendants' knowledge include those cited in paragraph (235) together with that of Defendant Jeffery N Barr and the United States Justice Department itself, both of whom have acknowledged the receipt of this information.

(253)

Plaintiffs submit that wherein Defendants cited in paragraph (244) above did  have knowledge of the wrongs sought to be done against  Plaintiffs by conspiring Defendants, such as are mentioned in section 1985 of this Title and further that such acts were actually being committed. Further, that said Defendants had both the power and obligation to prevent or aid in  preventing the commission of these acts, but did both neglect and refuse to do so. Wherein these wrongful acts have resulted in damages to Plaintiffs' persons and property, said Defendants are necessarily liable to Plaintiffs, the parties injured, for such damages as have been caused by such wrongful acts, which Defendants, by reasonable diligence and adherence to their respective oaths of office, could have prevented.

(254)

Plaintiffs also aver that each Defendant member of either Judicial Committee of either house of Congress is most probably further liable to Plaintiffs for violation of Title 42:1985(2) as well as Title 42:1986 as federal law holds that: (a) "where a Constitutionally inadequate procedure is authorized or condoned, liability arises if it operates to deprive one of life, liberty, or property regardless of whether or not the official intends the deprivation of due process of law" and (b) "liability is established where evidence shows defendant knowingly misled litigant about the propriety of the rules and law which he averred to apply, falsely suggesting that he was authorized to proceed as he did".

111

In respect to section (a) above, Plaintiffs aver that each individual member of the Judicial Committees of the two Houses of Congress has knowingly authorized and condoned, and continue to knowingly authorize and condone, a Constitutionally inadequate procedure which they do similarly know to have operated to deprive Plaintiffs of their exclusive rights to their copyright, patent properties and their 'very' right of appeal (of the lower court's judgments). All Defendant Congressmen/women have by their actions both aided and abetted the Defendants cited in paragraph (1) above wherein they have enabled and encouraged said Defendants to proceed with their unlawful scheme with the assurances that they would be shielded from prosecution by all three branches of the federal government.

In respect to paragraph (b) above, Plaintiffs further aver that Chairman of the Senate Judicial Committee, Defendant Orrin Hatch, was knowingly misleading Plaintiffs about the propriety of the rules and law, which he averred to apply, when he falsely suggested that "the function of the Senate Judicial Committee is primarily legislative" when it is known to him as well as to Pro se Plaintiffs that "the Senate Judicial Committee has only rarely produced major legislation subsequently passed by Congress and signed into law". Further, Defendant Orrin Hatch was knowingly misleading Plaintiffs about the propriety of the rules and law which he averred to apply, when he falsely suggested that "we cannot intercede in matters which are under the jurisdiction of the courts" when Defendant Orrin Hatch knew as well as do Pro se Plaintiffs, that Plaintiffs' actions - said to be currently pending on appeal - are not presently acknowledged *by any federal court* to be pending review *by any federal court.*

In respect to paragraph (b) above, Plaintiffs aver that Chairman of the House Judicial Committee and Defendant Henry J. Hyde was himself knowingly misleading Plaintiffs about the propriety of the rules and law, which he averred to apply, when he falsely suggested that "because of the separation of powers principals applicable to the legislative branch . . . the Committee of the Judiciary will not be able to assist you", when it is known to him as well as to Pro se Plaintiffs that "the House Judicial Committee often interacts with the federal courts . . . because lobbyists and others often ask it to overturn court decisions that are unfavorable to their interests". Further, Defendant Henry J. Hyde was knowingly misleading Plaintiffs about the propriety of the rules and law, which he averred to apply, when he falsely suggested that "my committee will take your experience into account when we have the opportunity to consider possible changes in the law", when as is known to him as well as to Pro se Plaintiffs and as is noted at paragraph (36(q)) above, such consideration does not *need to await* such an opportunity.

Further, Defendant Congressmen and Senators who are attorneys are under a further obligation to function pursuant, not only as their oath to the federal government, but to the oaths entered upon before their respective state bars as well. The obligations under said state oaths have been subsumed by federal common law which holds it to be a duty and obligation for any lawyer knowing of the criminality of a judge to report him to those having the authority to discipline him. Plaintiffs submit that Defendant Judicial Committee members and attorneys are further liable to Plaintiffs for the injuries suffered by Plaintiffs for their particular denial to Plaintiffs of the protection of these federal laws.

(255)

As the wrongful acts committed by Defendants cited herein constitute violations of Title 42:1983 and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright and patent properties and continue to injure Plaintiffs in their business in respect to both interstate and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent do daily preclude them from realizing the sales and profits which would otherwise accrue to them as rightful owners.

(256)

Plaintiffs assert that as the crimes of Defendants cited in paragraph (244) above are herein established and that such crimes have been held by both the Federal Code and the United States Supreme Court to be such as will sustain a cause of action against them under Title 42:1983 - 1986 there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

**Thirty-second Claim**

(257)

Plaintiffs complaining against Defendants Lawrence L. Piersol, Charles B. Kommann, Andrew W. Bogue and John B. Jones incorporate Paragraphs (1) through (222) above, of this their complaint, and make such paragraphs a part hereof and in entering their thirty-second claim for relief allege :

(258)

114

Plaintiffs aver that cited Defendants did have knowledge that Defendants cited in paragraph (1) above were unlawfully proceeding under color of a state statute and were subjecting Plaintiffs to the deprivation of rights, privileges and immunities secured to Plaintiffs by the United States Constitution and federal laws in violation of Title 42:1983. Defendants knew of these matters wherein they knew that said Defendants were 'admitted' to having done so.

(259)

Plaintiffs further aver that Defendants did have knowledge that Defendants cited in paragraph (1) above were conspiring with other Defendants to deter Plaintiffs by intimidation and threat from attending a federal court and from testifying freely, fully, and truthfully to matters pending therein in violation of Title 42:1985(2). Defendants knew of these matters wherein they knew said Defendants were 'admitted' to having done so.

(260)

Plaintiffs yet further aver that cited Defendants did have knowledge that Defendants cited in paragraph (1) above were conspiring with other Defendants in further violation of Title 42:1985(2) for the purpose of impeding, hindering, obstructing and defeating, in various manners, the due course of justice with intent to deny to Plaintiffs due process, the equal protection of the laws and to injure Plaintiffs in their persons and property for having lawfully attempted to enforce their right of access to the courts. Defendants knew of these matters wherein they knew said Defendants were 'admitted' to having done so. Further, Defendants also knew of:

    (a) Defendant Richard Battey's entry of void and fraudulent judgments against Pro se Plaintiffs' in reference to Plaintiffs' copyright and patent claims previous to either a

review of the contested materials themselves or the notice and hearing required before property interests are disturbed.

(b) Further, that the docket on appeal was fraudulently altered so as to affect the misdirection of Plaintiffs' appeal to the Appellate Court of the Eighth Circuit in violation of Plaintiffs' Sixth and Fourteenth Amendment rights to the jurisdiction previously established by law to be applicable to their appeal.

(c) That these and other acts committed by Defendants cited in paragraph (1) above were in violation of Plaintiffs' numerous privileges and immunities together with their Fifth, Sixth, and Fourteenth Amendment rights all assured to Plaintiffs by the Constitution of the United States and federal law.

(261)

Plaintiffs submit that the sources of Defendants Lawrence L. Piersol, Charles B. Kommann, Andrew W. Bogue and John B. Jones knowledge include, but were most probably not limited to, those cited in paragraph (235) together with that of Defendant Jeffery N Barr and the United States Justice Department itself, both of whom have acknowledged the receipt of this information.

(262)

Plaintiffs submit that wherein Defendants Lawrence L. Piersol, Charles B. Kommann, Andrew W. Bogue and John B. Jones did have knowledge of the wrongs sought to be done against Plaintiffs by conspiring Defendants, such as are mentioned in section 1985 of this Title and further that such acts were actually being committed. Further, that Defendants Lawrence L. Piersol, Charles B. Kommann, Andrew W. Bogue and John B. Jones had both the power and obligation to prevent or aid in preventing the commission of these acts, did both neglect and refuse to do so. Wherein these wrongful acts have resulted in damages to Plaintiffs' persons and property, Defendants

116

Lawrence L. Piersol, Charles B. Kommann, Andrew W. Bogue and John B. Jones are necessarily liable to Plaintiffs, the parties injured, for such damages as have been caused by such wrongful act, which Defendants Lawrence L. Piersol, Charles B. Kommann, Andrew W. Bogue and John B. Jones by reasonable diligence and adherence to their respective oaths of office could have prevented.

(263)

As the wrongful acts committed by Defendants cited herein constitute violations of Title 42:1983 and Title 42:1985(b), said Defendants are necessarily liable to Plaintiffs for all damages occasioned by such injuries pursuant to these same Titles and statutes. Plaintiffs assert that the unlawful acts committed by Defendants cited herein further include violation of, and conspiracy to violate, Plaintiffs' other similarly assured rights, privileges and immunities cited in paragraph (36) above. Defendants' unlawful acts have deprived them of their exclusive rights to their copyright and patent properties and continue to injure Plaintiffs in their business in respect to both interstate and foreign commerce, as Defendants' continuing infringements of Plaintiffs' copyright and patent do daily preclude them from realizing the sales and profits which would otherwise accrue to them as rightful owners.

(264)

Plaintiffs assert that as the crimes of Defendants Lawrence L. Piersol, Charles B. Kommann, Andrew W. Bogue and John B. Jones are herein established and that such crimes have been held by both the Federal Code and the United States Supreme Court to be such as will sustain a cause of action against him under Title 42:1983 -1986 there is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

117

(265)

In conclusion, Plaintiffs in full confidence that the decision of the Supreme Court in Bradley v

Fisher (13 Wall 335, 20 L Ed 646) is still federal law, the Court holding on that occasion that "a

judge is on the same level as his fellow citizen and his distinction and right to respect rests on no

other foundation then his virtues and qualities as a man", further aver that wherein the entire

bench of the United States Supreme Court and that of the Court of Appeals for the Federal

Circuit have respectively ruled to deny Plaintiffs a hearing on their petition of *writ of certiorari*

and an *En banc* review of the pleadings, both such acts serving to deny Plaintiffs both due process

and the protection of the law, the entire benches of both courts are as liable to Plaintiffs for such

violations as are Defendants Ruth Bader Ginsburg, Clarence Thomas, Randall R. Rader and S Jay

Plager. Wherein the conspiracy herein established is still on going the three year statute of

limitations, in regards to the bringing of a further action to address the offenses of the justices and

judges cited herein, has not yet begun to run.

(266)

Wherefore, Plaintiffs request that the court before which this action shall be heard arrange for

judgments as matters of law to be entered in Plaintiffs' favor as to all the issues in Plaintiffs'

pending civil actions SD95-5024 and SD96-5014, further entering with its judgments its orders

directing Defendants cited therein to pay Plaintiffs the claims they originally entered and later

amended by way of their filings of June 20, 1996.

(267)

Plaintiffs further request that for their first through thirty-third claims as entered within this

complaint that all Defendants cited herein, jointly and severally, be required to pay Plaintiffs

compensatory damages for their joint and several *violations* of Title 42:1983/1985/1986 in an

amount equal to the total damage award due Plaintiffs in their civil actions SD95-5024 and SD96-

5014. Plaintiffs submit that such are warranted by both the facts and the admissions on the record

where federal law holds that "under Title 42:1983 Plaintiff is entitled to same compensation as

any other tort, the normal liability being for the *damage suffered*" and "the court is left to fashion

its own damage remedy for violations of Title 42:1985/1986".

(268)

Plaintiffs further request that for their first through thirty-third claims as entered within this

complaint that all Defendants cited herein, jointly and severally, be required to pay Plaintiffs

compensatory damages for their *conspiracy to violate* Title 42:1983/1985/1986 in an amount

equal to the total damage award due Plaintiffs in their civil actions SD95-5024 and SD96-5014.

Plaintiffs submit that such are warranted by both the facts and the admissions on the record where

federal law holds that " 'substantive violations' and 'conspiracy to violate' are separate offenses

and, there being significant distinctions between them, the granting of separate damage awards for

each does not violate double jeopardy prohibition".

(269)

Further, the United States Supreme Court having held that "exemplary damages are recoverable

in all actions for damages based on a tortuous act", Plaintiffs further request that pursuant to the

Supreme Court's ruling in TXO Production Corp. v Alliance Resources Corp. 113 US 2711, 125

L Ed 2d 366, that the court order that all Defendants against whom exemplary damages may be

entered, be required to - jointly and severally - pay Plaintiffs punitive damages in an amount equal

to five hundred and twenty-six times the sum of the compensatory damages arrived at in

paragraphs (270) and (271) above.

(270)

Plaintiffs submit that the issues at stake in TXO Production Corp. v Alliance Resources Corp
were similar in all respects but one, to the issues before the court in this action. The sole
exception being that the actions of Defendants in this action are far more nefarious then were the
actions of TXO Production Corp. As in the TXO Production Corp. v Alliance Resources Corp.
case the record shows that:

> (1) All Defendants knew that Plaintiffs had good title to both their copyright and patent
> properties.
>
> (2) All Defendants acted in bad faith by advancing (or assisting others to advance), on
> totally baseless grounds, a claim on Plaintiffs' property and rights.
>
> (3) All Defendants are wealthy and influential people who in at least the instance of those
> Defendants before the court in Plaintiffs' pending civil actions SD95-5024 and SD96-5014
> have been engaged in similar nefarious activities in respect to other matters.

As in the case of TXO Production Corp. v Alliance Resources Corp. Plaintiffs ask the court to
find that:

> (1) A punitive damage award of five hundred and twenty-six times the sum of the
> compensatory damages wherein federal law holds that such award does not violate the
> Due Process Clause of the Fourteenth Amendment.
>
> (2) Defendants set out on a malicious and fraudulent course to deprive Plaintiffs of their
> copyright and patent properties and were willing to violate the United States Constitution
> and federal laws to obtain them.

(3) The punitive award, while large, is not unreasonable in light of the millions of dollars

potentially at stake - Defendants' bad faith - the fact that Defendants' scheme was part of

a larger pattern of fraud, trickery, and deceit, and the fact that Defendants have the

wealth, it cannot be said that such an award is beyond Defendants' power to pay.

(271)

Plaintiffs do further move the court, pursuant to Rule 54(c) of the Federal Rules of Civil

Procedure, for such additional relief as to the court shall seem just.

DATED THIS _____ DAY OF JUNE, 1997

Shirlee Iverson
Plaintiff - Pro se
Box 136
Keystone, South Dakota 57751
(606) 666-4692

Keith E. Iverson
Plaintiff - Pro se
Box 136
Keystone, South Dakota 57751
(606) 666-4692

121

State of South Dakota       )

County of Pennington       )     VERIFICATION

Keith E Iverson, being first duly sworn, deposes and says that I am the person named in

the foregoing document, that I have read the same and know the contents thereof, and that

the same is true of my own knowledge, except as to those matters stated upon information

and belief, and as to those matters, I believe it to be true.

_____    (Keith E  Iverson)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _18th_ DAY _June_ 1997.

_Tina Ford_

            Notary Public

**TINA FORD**
SEAL NOTARY PUBLIC SEAL
SOUTH DAKOTA

            My Commission Expires _June 10, 2004_


Shirlee Iverson, being first duly sworn, deposes and says that I am the person named in the

foregoing document, that I have read the same and know the contents thereof, and that the

same is true of my own knowledge, except as to those matters stated upon information

and belief, and as to those matters, I believe it to be true.

_Shirlee Iverson_    (Shirlee Iverson)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _18th_ DAY _June_ 1997

_Tina Ford_

            Notary Public

**TINA FORD**
SEAL NOTARY PUBLIC SEAL
SOUTH DAKOTA

            My Commission Expires _June 10, 2004_